CHARLES M. HARDING vs. LYNN AND BOSTON RAILROAD COMPANY.

Suffolk.    November 10, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Defective Notice to Corporation.*

In an action for personal injuries under the employers' liability act, St. 1887, c. 270, the notice was directed to the " E. M. Street Railway Co.," and stated that the plaintiff was injured by being thrown from the top of one of the cars of that company. It was served upon that company by delivering a copy to its president, who was also president of the defendant company. The first named company had recently been leased to the defendant company. *Held,* that the notice was rightly excluded, and that St. 1894, c. 389, relative to notices in cases of injuries to persons or property, did not apply.

TORT, for personal injuries occasioned to the plaintiff, an employee of the defendant, by the alleged negligence of the defendant's superintendent. The declaration was under the employers' liability act, St. 1887, c. 270.

At the trial in the Superior Court, before *Hardy,* J., there was no evidence tending to show that the plaintiff was injured by being thrown from the roof of a car belonging to or operated by the East Middlesex Street Railway Company, or that the car from which he fell was standing at the time of the accident upon any track belonging to or operated by the East Middlesex Street Railway Company, or that the superintendent was employed by the East Middlesex Street Railway Company. A notice, a copy of which is given below, was served upon the East Middlesex Street Railway Company, by being delivered to A. F. Breed, its president, on August 4, 1894, the day of its date. Breed was at that time also president of the defendant company, and the East Middlesex Street Railway Company had recently been leased to the defendant company. The notice was as follows: " To the East Middlesex Street Railway Company: You are hereby notified that on the twenty-ninth day of July, 1894, between the hours ten and eleven in the afternoon, at or near the junction of Everett Avenue and Broadway, in the city of Chelsea, Massachusetts, I was severely injured by being thrown

from the top of one of the cars of your company. I was upon the top of said car, and in the act of holding and pressing the trolley pole, which reaches from the top of the car to the trolley wire overhead, on to the trolley wire, when I was suddenly thrown to the ground. I was acting under orders of my superior at the time I fell, and was using due care."

The judge excluded the notice, on the ground that it was not a notice to the defendant, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*E. S. Page*, for the plaintiff.

*W. I. Badger*, for the defendant.

MORTON, J. The notice was directed to " the East Middlesex Street Railway Company," and states that the plaintiff was injured by being thrown from the top of one of the cars of that company. The sheriff's return of service of the notice is that he served it upon the East Middlesex Street Railway Company by delivering a copy to A. F. Breed, its president. It appears that Breed was also president of the defendant corporation, and that the East Middlesex Street Railway Company had recently been leased to the Lynn and Boston Railroad Company. The court excluded the notice, on the ground that it was not a notice to the defendant. This was correct. The case is not one in which there was an omission to state the time, place, and cause of the injury correctly, but in which there was no notice whatever to the defendant. St. 1894, c. 389, relative to notices in cases of injuries to persons or property, therefore does not apply.

*Exceptions overruled.*