PRATT AND FORREST COMPANY *vs.* STRAND REALTY COMPANY OF LOWELL & others.

ERWIN A. WILSON & another *vs.* SAME.

Middlesex. March 13, 1919. — June 25, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Mechanic's Lien,* Notice of contract. *Estoppel.*

Under St. 1915, c. 292, § 2, amended by St. 1916, c. 306, § 1, where it is sought, either by a principal contractor or by a subcontractor, to maintain a mechanic's lien for labor and material performed or furnished under or by virtue of a written contract, there must be filed in the registry of deeds for the county or district where the land is located, by some person entitled to maintain the lien, a notice in writing stating among other matters the date when the contract is to be completed.

A general contractor made with the owner of real estate a contract in writing to

erect a building upon his land, which contained a provision that the contractor should complete the several portions and the whole of the work by March 15, 1917, the time of completion being expressly stipulated to be the essence of the contract. There were further provisions for liquidated damages in case of delay in performance and for a bonus for earlier performance. There also were provisions for a determination by architects of the number of working days beyond March 15 to which the contractor might be entitled under certain provisions of the contract and for extensions of the time for performance under certain conditions, "but in no event shall the same be extended beyond April 1, 1917." The contractor filed in the registry of deeds of the district where the land was situated a notice of the contract, otherwise sufficient, in which it was stated, "Said contract is to be completed on or before April 1, 1917." At the hearing of bills in equity by subcontractors under the general contractor to enforce alleged mechanic's liens under St. 1915, c. 292; St. 1916, c. 306, there was no evidence tending to show that at any time the architects made any determination as to the number of working days to which the contractor was entitled beyond March 15, nor of any extension of the time of performance. *Held,* that the notice stating April 1 as the date on which the contract was to be completed was not a compliance with the statute, and that the suits must be dismissed for that reason.

TWO BILLS IN EQUITY, filed in the Superior Court on January 11, 1918, and November 28, 1917, respectively, under St. 1915, c. 292, § 4, as amended by St. 1916, c. 306, § 3, to enforce mechanics' liens upon the interest of the Strand Realty Company in certain real estate in Lowell in favor of the plaintiffs, who were subcontractors under A. B. Beal Construction Company, a corporation, the assignee from A. B. Beal of the general contract for the erection of the building for the Strand Theatre Company, described in the opinion. The debt alleged to be due to the first plaintiff was $5,580.94, and that alleged to be due to the second plaintiff was $1,252.74.

The suits were consolidated, and issues were referred to a jury for trial to determine whether a "statement" was filed by each plaintiff "within thirty days after the date on which the principal contract was to be performed under any extension thereof." These issues were tried before *J. F. Brown, J.*

The material evidence is described in the opinion. At the close of the evidence, the judge ordered the jury to answer the issues in the negative and reserved and reported the cases, with all the evidence, for determination by this court.

*A. S. Howard & M. G. Rogers,* for the plaintiffs.

*D. Stoneman & C. S. Hill,* for the defendant Strand Realty Company of Lowell.

RUGG, C. J.   These are suits in equity to enforce a lien upon the interest of the Strand Realty Company in land in Lowell, brought under St. ¡1915, c. 292, § 4, as amended by St. 1916, c. 306, § 3.   These statutes make a radical change in the law of mechanics' and other liens upon real estate.   Section 1 of the new statute gives a lien to those who labor.   The subsequent sections relate more particularly to contractors and subcontractors who furnish either labor or material or both.

It is provided by St. 1915, c. 292, § 2, as amended by St. 1916, c. 306, § 1, that any person who has entered into a written contract with the owner for the erection, alteration, repair or removal of a building upon land, or for furnishing material therefor, or who has made a subcontract respecting the same and who therefore is entitled to enforce a lien under the act, may file in the registry of deeds for the county or district where the land lies, a notice giving the date of the contract between the owner and the contractor, a description of the land, a brief statement of what is to be done under the contract, and the date on or before which "said contract is to be completed."   A further provision is that "A notice of any extension of said contract, stating the date to which it is extended, shall also be filed or recorded in the registry prior to the date stated in the notice of a contract for the completion ¡thereof."   By § 3 as amended by St. 1916, c. 306, § 2, it is provided that after the required notice has been filed or recorded, any person who subsequently shall "furnish labor or material, or perform labor, under a contract with a contractor or" subcontractor, may enforce a lien therefor on the premises "for any labor performed, or labor or material furnished, subsequent to the filing or recording of said notice and prior to the date of the termination of said contract as stated in said notice or notices."   By § 7 of said c. 292 "The lien provided for by section two and . . . by section three shall be dissolved unless the contractor, or some person claiming by, through or under him, shall, within thirty days after the date on which the principal contract is to be performed" file a statement of his account.   It is provided by § 8 that the lien also shall be dissolved unless a bill in equity to enforce it is filed within sixty days after the filing of the statement, thus referring also to the date for the completion of the principal contract.   On the back of the bond to prevent the attachment of a

lien for labor, and standing in place of the lien as security, as set forth in § 9, must appear a certificate signed by the principal on the bond, giving, together with other information, the date on which the work under the principal contract is to be completed.

It is manifest from these provisions of the statute that the date of the completion of the principal contract, at all events so far as fixed by its terms, must be stated in the notice and is an essential part of it. It is provided in § 8 of said c. 292 that "The validity of the lien shall not be affected by an inaccuracy in the description of the property to which it attaches, if the description is sufficient to identify the property, or by an inaccuracy in stating the amount due for labor or materials, unless it is shown that the person filing the statement has wilfully and knowingly claimed more than is due to him." There is no such provision respecting inaccuracy in stating the date for the completion of the principal contract.

Sections 2 and 3 of the act relate to written contracts alone. It is matter of common knowledge that such contracts commonly fix the date for their completion.

The irresistible effect of all these provisions is that substantial accuracy in the statement of the date fixed by the principal contract for the completion of the work to be performed under it is essential to a valid notice. This results inevitably from the absolute requirement for the statement of such date in the notice, from the fact that that date is the point of time from which run the several statutory limitations of the act, and from the provision that certain inaccuracies, among which a mistake in this date is not included, shall not affect the validity of the lien.

This conclusion is confirmed by comparison of the pre-existing state of the law as to liens with the changes wrought by said c. 292. Under the previous lien law, there was no provision whereby the record in the registry of deeds disclosed before or at the time of the attachment of a lien the existence of a lien or the fact that one might be claimed. There was no requirement for the record of any facts respecting a building contract, or any information as to its date, or the beginning or ending of work under it before the lien should come into existence. One plain object of the present statute was to require the placing upon record in the registry of deeds of certain information, for the benefit of prospec-

tive purchasers of land and other interested persons, touching the incumbrances created or likely to be created by liens, including the time limit within which the furnishing of material and labor under written contracts must be performed. Accuracy in this respect may be thought to be essential for the protection of laborers and subcontractors as well as others who may have occasion to depend upon the record. Whatever may have been the reason of the statute, its terms are clear and are not open to misapprehension as to their meaning.

A lien upon real estate for labor or material performed and furnished thereon is wholly the creature of statute. No such lien exists except as provided by statute. The terms of the statute must be followed in order that such lien may be established.

In analogous cases compliance with the statutory requirement for notice has been held to be a condition precedent to the existence of a cause of action. For example, injuries caused by snow or ice, *Baird* v. *Baptist Society,* 208 Mass. 29, *O'Neil* v. *Squire,* 230 Mass. 294, injuries caused by defects in highways, *Nash* v. *South Hadley,* 145 Mass. 105, *Driscoll* v. *Fall River,* 163 Mass. 105, *Goodwin* v. *Fall River,* 228 Mass. 529, injuries within the scope of the employers' liability act, *Grebenstein* v. *Stone & Webster Engineering Co.* 209 Mass. 196, *Harding* v. *Lynn & Boston Railroad,* 172 Mass. 415. See also in this connection, as to requirement for written notice of filing exceptions, *Chertok* v. *Dix,* 222 Mass. 226, and of entry of appeal from decree of Probate Court, *O'Neill* v. *O'Neill,* 229 Mass. 508. In the absence of some provision saving the validity of imperfect notices, there must be compliance with the specified requisites. *Bowes* v. *Boston,* 155 Mass. 344. *Hatch* v. *United States Casualty Co.* 197 Mass. 101. *Boruszewski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589.

The result is that where it is sought to maintain a lien under the present statutes for labor and material performed or furnished under or by virtue of a written contract, either by a principal contractor or by a subcontractor, there must be filed in the registry of deeds for the county or district where the land is located, by some person entitled to maintain the lien, a written notice stating amongst other matters the date when the contract is to be completed.

The relevant facts in the case at bar are that the Strand Realty Company entered into a contract in writing under date of September 27, 1916, with Abraham B. Beal, whereby the latter, called the contractor, agreed to erect a building upon its land. That contract contained a provision in these words: "The contractor shall complete the several portions and the whole of the work comprehended in this agreement by and at the time or times hereinafter stated, to wit: the fifteenth day of March, nineteen hundred and seventeen. It is understood and agreed that the time of completion of work comprehended in this contract is the essence of this agreement." After a clause requiring the payment of liquidated damages to the Strand Realty Company by the contractor for delay after March 15, 1917, and of bonus by the Strand Realty Company to the contractor for completing the work before that day, follow these words: "except that in the event the Contractor shall be entitled to One Hundred Eight (108) full working days for the completion of the entire building in accordance with the specifications hereinbefore referred to, Saturday not being figured as a working day; and if the said Contractor does not have said number of days, he shall be entitled to such extension beyond March 15th, 1917, as shall give him his said number of days as above provided; but in no event shall the same be extended beyond April 1, 1917; in which case said penalty shall only apply to such time as shall extend beyond said aforesaid number of days, including duly authorized extensions. What shall constitute a full working day shall be determined by the Architects herein named, whose decision shall be final. No fraction of less than half a day shall be considered in determining the time to which the said Contractor is entitled for said work. The contractor is to make a daily report to the Architects as to whether the preceding day was a full working day or not, and if any question arises as to whether any day should be considered as a suitable working day, or if the contractor fails to make his daily report, the Architects are to be the sole judges as to whether the day in question should be considered as a full working day or not."

On October 19, 1916, the contractor filed a notice, otherwise sufficient, in which it was stated, "Said Contract is to be com-

pleted on or before April 1, 1917." The plaintiffs are sub-contractors under the original contract with Beal. They depend for the validity of their liens upon the sufficiency of this notice filed by the contractor. There was no evidence tending to show that at any time the architects made any determination oral or written as to the number of working days beyond March 15, 1917, to which the contractor was entitled, within which to complete the contract. It is expressly stated in the report that there was never any written extension of the contract and no express oral extension to any date certain. Upon these facts the notice stating April 1, 1917, as the date on which the contract was to be completed, was not a compliance with the statute. The date was fixed by the written contract with perfect clearness to be March 15, 1917. There might be extension beyond that date in accordance with the terms of the contract until a time not later than April 1, but that extension could be made only upon the conditions therein set forth with which there was no compliance. There is no evidence that when the notice was recorded on October 19, 1916, anything had occurred to warrant the conclusion that there would be any ground for extension of the time for the completion of the contract to April 1. No such extension then had been granted expressly or impliedly. Whether any such extension would be given or agreed upon or equitably required was then wholly prophetical. There was no foundation whatever for the notion that April 1, 1917, was the date, except that it was the latest date on which the contract by any possibility could be completed under its terms as written. It was not the date fixed by the contract, and April 1 as a date for completion could only become operative by the occurrence of subsequent events.

The incorrect statement of the date for the completion of the contract was fatal to the creation of the lien. Hence cases like *Rockwood* v. *Walcott*, 3 Allen, 458, 462, are not in point.

It may be that cases may arise where the landowner may be estopped to deny an extension of time. But here the initial or original notice was fatally defective. The landowner does not appear upon this record to have misled by words, silence or conduct either of the plaintiffs upon that point. Acceptance of material by the landowner after the original contractor had become in-

capable of completing the contract and long after March 15, whatever other effect it may have, is not an estoppel to object to the sufficiency of the original notice recorded long before that time. The principle, upon which *D'Almeida* v. *Boston & Maine Railroad*, 224 Mass. 452, and the numerous cases there cited was decided, does not aid the plaintiffs upon these facts.

This appears to be a hard case. We can, however, only interpret and apply the statute as we find it. We cannot recast it. Let the entry be in each case

*Bill dismissed without costs.*