PLINY W. WOOD *vs.* JACOB BURWICK & others.

Worcester. September 26, 1921. — October 13, 1921.

Present: RUGG, C.J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Mechanic's Lien,* Notice. *Estoppel. Waiver.*

General contractors, who on January 17, 1917, had made a contract in writing with the owner of certain real estate for the construction of a building thereon which was to be completed on or before the following May 20, on January 19 filed in the appropriate registry of deeds a notice purporting to be under St. 1915, c. 292, § 2, as amended by St. 1916, c. 306, § 1, but which was defective because it did not state the date when the contract was to be completed. On May 17, there was filed in the registry a document signed by the contractors and by the owner, reading substantially as follows: "Notice is hereby given that a written contract dated January 17, 1917, between . . . owner, and . . . contractors, by the terms of which contract all of the work comprehended therein was to be completed on or before the 20th day of May, 1917, notice of which contract was duly recorded in the Registry of Deeds for the County of Worcester, has been extended to the 20th day of July, 1917, and all the terms and conditions of said contract shall remain in full force and effect." In a suit in equity to enforce a mechanic's lien by one, who for the performance of the contract to the knowledge of the owner had furnished materials both before and after the date of the filing of the notice of extension, it was *held,* that

(1) It could not be inferred from the foregoing facts that, at the time when the notice of extension was filed, the signers thereof knew that the first notice filed was invalid;

(2) It could not be inferred that the signers of the notice intended, by the filing of the notice of extension, to validate the first notice;

(3) It could not be inferred that the notice of extension was intended to stand both as a notice of the contract and as a notice of the extension of the contract;

(4) The owner was not estopped, by the signing and filing of the notice of extension, to deny the invalidity of the first notice;

(5) It could not be inferred that the owner, by the signing and filing of the notice of extension, waived his right to insist upon the invalidity of the first notice.

BILL IN EQUITY to establish a mechanic's lien, filed in the Superior Court on October 4, 1917, against Jacob Burwick, the owner of the real estate described in the bill, and Edward Coderre and Lawrence Lapointe, who were general contractors.

In the Superior Court, the suit was heard by *Wait*, J., upon an agreed statement of facts, material portions of which are described in the opinion. The judge, without making a decision, reported the suit to this court for determination upon a stipulation that if, upon the facts agreed upon, this court should be of opinion that the plaintiff's lien could be maintained against the land of Burwick, the suit was to be sent to a master to determine the amount for which the lien should be established; but if, by reason of the insufficiency of the notice of the contract or the insufficiency of the notice of the extension of the contract, this court should be of opinion that the lien could not be maintained, judgment was to be entered for the defendant Burwick.

*C. C. Milton*, (*F. L. Riley* with him,) for the plaintiff.

*D. Goldstein*, for the defendant Burwick.

PIERCE, J. This is a bill in equity to establish a mechanic's lien under the provisions of St. 1915, c. 292, as amended by St. 1916, c. 306 (see now G. L. c. 254, §§ 2, 3, 5), and is before this court for its determination upon an agreed statement of facts and stipulation of the parties, upon a report of a judge of the Superior Court without decision.

As reported, the material facts are that the defendants Coderre and Lapointe, as general contractors, entered into a written contract with the defendant Burwick under date of January 17, 1917, for the erection and construction of a building on the tract of land to which the petition relates, which was then owned by the defendant Burwick. By the terms of the instrument all the work comprehended therein was to be completed on or before May 20, 1917. On January 19, 1917, Coderre and Lapointe duly filed and caused to be recorded in the Worcester District Registry of Deeds, in which district the aforesaid land owned by Burwick was situated, a notice of the contract. This notice was invalid because it did not state the date when the contract was to be completed. St. 1915, c. 292, § 2, as amended by St. 1916, c. 306, § 1 (see now G. L. c. 254, § 2). *Pratt & Forest Co.* v. *Strand Realty Co. of Lowell*, 233 Mass. 314.

On May 17, 1917, there was filed and recorded in the aforesaid registry of deeds an extension of said contract signed by Coderre and Lapointe and by Jacob Burwick, as follows:

"Worcester, Mass., May 16th, 1917.

"Notice is hereby given that a written contract dated January 17th, 1917, between Jacob Burwick, owner, and Edward Coderre and Lawrence Lapointe, both of the City and County of Worcester, co-partners doing business under the name and style of Coderre & Lapointe, contractors, by the terms of which contract all of the work comprehended therein was to be completed on or before the 20th day of May, 1917, notice of which contract was duly recorded in the Registry of Deeds for the County of Worcester, has been extended to the 20th day of July, 1917, and all the terms and conditions of said contract shall remain in full force and effect."

Commencing February 1, 1917, from time to time until the filing of the aforesaid notice of extension of contract, the plaintiff, Pliny W. Wood, furnished certain lumber and materials to the defendants Coderre and Lapointe, which were used in the erection of the aforesaid building owned by the defendant Burwick. Beginning with May 17, 1917, the date of the filing of the aforesaid notice of extension of contract, and continuing until June 30, 1917, the plaintiff Wood furnished to the defendants Coderre and Lapointe certain other lumber and materials, which were used upon the aforesaid premises owned by the defendant Burwick. The defendant Burwick knew that the plaintiff was furnishing some lumber and materials to said Coderre and Lapointe to be used on the premises in question owned by him.

On August 10, 1917, the plaintiff duly filed a notice of lien with the Worcester District Registry of Deeds. It is conceded that the notice of lien and the time of filing the notice complied with the statute, and that a lien can be maintained against the land of said Burwick in an amount to be determined by a master if the notice of contract and of extension thereof were sufficient in law. The plaintiff contends "that the so called notice of extension of contract filed in the registry of deeds on May 17, 1917, operates to validate the notice filed on January 19, 1917, or at the least amounts to a valid notice of contract under the provisions of § 1, c. 306."

At the time the notice of the extension of the contract was signed and filed the reported facts do not show, and we cannot infer, that the signers thereof knew that the notice filed in the registry of deeds on January 19, 1917, was invalid, in that it did not state the contractual date for the completion of the contract. It cannot therefore be inferred that the contractors or the owner intended by their action to validate a notice which was not known to them or suspected by them to be defective as respects the date for the completion of the contract; nor for a like reason can it be inferred that the notice of extension was intended to stand both as a notice of the contract and as a notice of the extension of that contract. It is only reasonable to suppose that the notice of extension of contract was executed and filed to meet the requirement of St. 1915, c. 292, § 2, as amended by St. 1916, c. 306, § 1 (see now G. L. c. 254, § 2), relating to extension of contract and the filing of notice thereof, before the date stated in the notice of the contract for the completion thereof, and that the notice of extension had no other purpose or legal effect.

The plaintiff further contends that the owner, Burwick, is estopped to deny the validity of the notice of January 19, 1917, because he signed the notice of the extension of the contract. The reported facts nowhere state or indicate that the contractors or the plaintiff when the notice of extension was signed knew of the invalidity of the notice of January 19, 1917; nor is there any agreement of facts that the plaintiff had knowledge of the notice of extension or that in reliance upon its terms as validating the invalid notice he furnished material for which he now seeks to enforce a lien.

The plaintiff also contends that the owner waived his right to assert the invalidity of the notice of January 19, 1917, by signing with the contractors the notice of extension. There are no facts reported to show that the owner knew the notice was invalid when he signed the notice of extension.

It follows from what has been said that no notice of contract has ever been filed in accordance with the statute, and in accordance with stipulation of the parties judgment is to be entered for the defendant Burwick.

*So ordered.*