WILLIAM S. HOWE COMPANY *vs.* KATHERINE THEYSON
& others.

Suffolk.    January 10, 1928. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Mechanic's Lien.    Equity Jurisdiction,* To enforce mechanic's lien.

A statement of claim to a mechanic's lien filed in the registry of deeds is
not a compliance with G. L. c. 254, § 8, and is invalid, if, instead of con-
taining the name of the owner of the premises as set forth in the contract,
notice of which had been filed in compliance with § 2 of the statute, it
contains the name of a different person, described as "the present
owner"; and a bill in equity brought to enforce a lien so claimed must
be dismissed.

BILL IN EQUITY, filed in the Superior Court on August 25,
1926, and described in the opinion, for enforcement of a
mechanic's lien.

The defendants Volturno, Theyson and Whitman Savings
Bank each filed an answer, in which was included the de-
murrer described in the opinion.    The demurrer of Volturno
was heard by *Sisk,* J., and was sustained.    The plaintiff
appealed.

*M. J. Mulkern,* for the plaintiff, submitted a brief.

*D. J. Triggs,* for the defendants.

PIERCE, J.    This is an appeal from a decree sustaining a
demurrer to a bill in equity brought under the provisions of
G. L. c. 254, to enforce a mechanic's lien for labor and ma-
terials furnished, under a written contract with one Carmine
Piantedosi, in a house erected and owned by Piantedosi.
After the contract was completed Piantedosi conveyed his
interest in the land to the defendant Katherine Theyson; the
other defendants, Whitman Savings Bank and Francesco
Volturno, mortgagees, both acquired their interests in the
land after the contract was completed.

The contract above referred to, dated July 21, 1925, was
to furnish and install in the house of Piantedosi at 11 Cufflin
Street, Brighton, certain plumbing and heating for $1,675,

and it was therein "mutually agreed that this contract is to be completed as early as possible and not later than January 1, 1926." Pursuant to G. L. c. 254, written notice of the contract "between Carmine Piantedesi, owner, and William S. Howe Company, a corporation, contractor," was filed in the registry of deeds for Suffolk County. The plaintiff completed the contract on November 11, 1925. There was then due on the contract $1,575, and the balance of $100 would fall due "Forty-two days after the completion of the job." ·· On December 15, 1925, the plaintiff was paid $700.

On December 22, 1925, the plaintiff and Piantedosi signed an agreement which reads: "It is hereby mutually agreed that the time limit of the contract dated July 21, 1925, for Plumbing and Heating in the house No. 11 Cufflin Street, Brighton, is extended until June 1, 1926." On December 30, 1925, the plaintiff filed in the registry of deeds for Suffolk County, pursuant to G. L. c. 254, an instrument entitled "Notice of Extension of Contract," which reads: "Notice is hereby given that the written contract dated July 21, 1925, between Carmine Piantedesi, owner, and William S. Howe Co. Corporation and Contractor for labor and material on Lot 24, Street No. 11 Cufflin Street, Brighton Plan of E. S. Smiley at end of Book 2836 notice of which has been recorded in Suffolk Registry of Deeds is hereby extended to June 1, 1926, being No. 281 on Aug. 13, 1925, Suffolk Registry of Deeds."

·· On May 11, 1926, the plaintiff was paid $700 and there remained a balance unpaid of $275. On or about June 26, 1926, the plaintiff filed in the registry of deeds for Suffolk County a statement giving a just and true account of the amount ($275) due under the said contract. The statement then filed contained the following paragraph: "I further certify that the William S. Howe Co. ceased to perform labor on said building on November 11, 1925 and that the William S. Howe Co. hereby claims a lien upon said building and upon the interest of Katherine Theyson the present owner thereof on the lot of land upon which the same is situated to secure the payment of the debt due as aforesaid and of costs which may arise in enforcing said lien."

The defendant Francesco Volturno, in support of his position that "The petitioner has not stated such a case as entitles him to relief in equity under the provisions of G. L. c. 254," contends that the demurrer was sustained rightly for the reason that the statement of claim, filed in the registry of deeds pursuant to G. L. c. 254, § 8, was invalid in that it does not give "the names of the owners as set forth in the notice of contract." An examination of the notice of contract and a comparison of it with the notice of the statement of claim disclose that one Carmine Piantedosi is set forth in the contract as owner, while in the statement of claim the name of Katherine Theyson is set forth as "the present owner." As was said in *McPhee* v. *Litchfield,* 145 Mass. 565, 566, in respect to the statement of claim under Pub. Sts. 191, § 6 (so it should be said under G. L. c. 254), "The statute . . . regard [s] it as important that the name of the owner should be given in the certificate . . . because, otherwise, subsequent purchasers who buy upon the faith of the registry title are liable to be misled."

To save the possible harm to subsequent purchasers it is plain the terms of the statute in this respect must be strictly complied with in order to create and perfect a lien. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314, 318. *Wood* v. *Burwick,* 240 Mass. 4, 5. *Adams & Powers Co.* v. *Seder,* 257 Mass. 453, 455. It is obvious the name of the owner in the notice of the contract and the name of the owner in the statement of the claim are not in form or sound the same. This difference is fatal to the plaintiff's claim, and the demurrer for this reason was sustained rightly.

It becomes unnecessary to consider other objections to the validity of the claim argued by the defendant Volturno in his brief.

*Order sustaining demurrer affirmed.*