BLOUNT BROTHERS CORPORATION *vs.* MONDEV MASS., INC.,
& another.[1]

Suffolk.   October 16, 1985. — April 22, 1986.

Present: ARMSTRONG, SMITH, & WARNER, JJ.

*Mechanic's Lien. Statute,* Construction.

In an action by a contractor to enforce a mechanic's lien pursuant to G. L.
c. 254, summary judgment was properly entered for the defendants,
where it appeared that the construction contract provided that the project
was to be completed by May 15, 1984, and the notice of contract filed
by the plaintiff in the registry of deeds recited March 22, 1985, as the
completion date, thus failing to comply with the requirement of G. L.
c. 254, § 2, that the notice of lien state the completion date of the
contract. [99-102]

In an action by a contractor to enforce a mechanic's lien pursuant to G. L.
c. 254, it was unnecessary to consider whether the defendants had im-
pliedly agreed *to an* extension of the *contract's* completion date or
whether the defendants were "estopped to deny an extension of time"
for completion, where the plaintiff had not met the requirement of G. L.
c. 254, § 2, that the notice of lien state the completion date of the
contract and, furthermore, had not complied with the requirement of
§ 2 that a notice of any extension be recorded prior to the completion
date. [102]

CIVIL ACTION commenced in the Superior Court Department
on May 17, 1985.

The case was heard by *George C. Keady, Jr.,* J., on a
motion for summary judgment.

*William G. Meserve (John T. Montgomery & Douglas H.
Meal* with him) for the plaintiff.

*Laurie S. Gill (Peter S. Terris* with her) for the defendants.

SMITH, J.   This action arises out of the construction of the
hotel and retail complex known as Lafayette Place in downtown

---

[1] Sefrius Corporation. Mondev Mass., Inc., and Sefrius Corporation are
the general partners of Lafayette Place Associates.

Boston. Blount Brothers Corporation (Blount) was the general contractor that constructed Lafayette Place. Lafayette Place Associates (Lafayette), a Massachusetts general partnership, the general partners of which are two corporations, Mondev Mass., Inc., and Sefrius Corporation, developed Lafayette Place and presently owns part of it.

On May 17, 1985, Blount commenced this action in the Superior Court by a complaint filed pursuant to G. L. c. 254, the mechanic's lien statute, in order to enforce its lien on the project. It alleged, among other things, that Lafayette had refused to pay Blount approximately $15,000,000 that Blount claimed it was owed by Lafayette for the construction of Lafayette Place.[2] It also recited that Blount had perfected its lien by filing a notice of contract in the registry of deeds and by later filing a statement of account, as required by G. L. c. 254.

On June 20, 1985, Lafayette filed a motion to dismiss the complaint and a motion to dissolve the lien. The motions alleged that the notice of contract filed in the registry of deeds set forth an incorrect completion date for the project, thereby violating G. L. c. 254, § 2.[3] Both motions also claimed that

___

[2] The claims asserted by Blount against Lafayette which underlie the instant action are also the subject of a complaint filed by Lafayette in the Superior Court in February, 1985. In that action, Lafayette alleged that Blount owed it damages of over $50,000,000 for not completing the project on time. Blount, in turn, counterclaimed against Lafayette. Those counterclaims are identical to the claims supporting this lien enforcement action.

[3] General Laws c. 254, § 2, as amended through St. 1973, c. 801, § 1, reads in part:

"A person entering into a written contract with the owner of land for the whole or any part of the erection, alteration, repair or removal of a building or structure upon land, or for furnishing material therefor, shall have a lien upon said building or structure and upon the interest of the owner in said lot of land as appears of record at the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor and material which shall be furnished by virtue of said contract. Said notice may be filed or recorded by any person entitled under this section to enforce a lien, and shall be in substantially the following form:

"Notice is hereby given that by virtue of a written contract, dated    , between    , owner, and    , contractor, said contractor is to furnish

Blount had failed to file an attested copy of its complaint in the registry of deeds as required by G. L. c. 254, § 5.[4] The motions were accompanied by affidavits. Because of the affidavits, the judge treated the motion to dismiss the complaint as a motion for summary judgment. Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). After a hearing a judgment entered dissolving the lien for the reason that "[t]here [had not been] compliance with G. L. c. 254, [§§] 2 & 5." Later, a substitute final judgment entered dismissing the plaintiff's complaint.[5] On appeal, Blount argues that the judge's actions in dissolving the lien and dismissing its complaint were error because it had fully complied with the requirements of G. L. c. 254, §§ 2 & 5, and, in any event, it had shown that there were present genuine issues of material fact. Finally, Blount contends that we should not affirm the judgment of the Superior Court because the contract contained an illegal provision.[6]

or has furnished labor and material for the erection, alteration, repair or removal of a building on a lot of land described as follows:

"Said contract is to be completed on or before

"A notice of any extension of such contract, stating the date to which it is extended, shall also be filed or recorded in the said registry prior to the date stated in the notice of the contract for the completion thereof, and may be filed by any party entitled to file the original notice."

[4] General Laws, c. 254, § 5, as appearing in St. 1973, c. 1114, § 318, reads in part:

"A lien upon land for the erection, alteration, repair or removal of a building or other structure . . . shall be enforced by a civil action brought in the superior court for the county where the land lies. The plaintiff shall bring his action in his own behalf and in behalf of all other persons in interest who shall become parties. An attested copy of the complaint, which shall contain a brief description of the property sufficient to identify it, and a statement of the amount due, shall be filed in the registry of deeds and recorded as provided in section nine."

[5] Because this action had been brought simply to enforce the mechanic's lien, the judge's ruling on the motion to dissolve the lien disposed of all the outstanding issues in this case. The underlying claims of Blount, as asserted in its counterclaim, are pending in the separate action brought in the Superior Court by Lafayette. See n.2.

[6] In the contract between the parties there is a provision which prohibits Blount (or any subcontractor) from filing any mechanic's liens on the project. Another provision requires Blount, as a condition of payment, to obtain a discharge of any mechanic's lien on the project without regard to any

We summarize the following undisputed facts taken from the materials submitted to the judge. On or about June 10, 1983, Blount and Lafayette entered into a written contract whereby Blount agreed to act as the general contractor in connection with the construction of Lafayette Place. The contract provided that construction of the retail portion of the project was to be substantially completed by October 15, 1983, and that construction of the hotel portion was to be substantially completed by May 15, 1984. The project was not completed by May 15, and Blount did not file any notice of contract prior to that date. On March 12, 1985, Blount filed a notice of contract with the Suffolk County registry of deeds pursuant to G. L. c. 254, § 2. The notice of contract recited March 22, 1985, as the contract completion date and not May 15, 1984. On April 19, 1985, Blount filed a statement of account in which it claimed a total lien in the amount of $15,329,379.[7] Although this complaint to enforce the lien was filed in the Superior Court on May 17, 1985, a copy of the complaint was not filed in the registry of deeds until June 21, 1985.

1. *Violation of G. L. c. 254, §§ 2 & 5.* General Laws c. 254, § 2, states that a lien is created when the lienor files in the appropriate registry of deeds a notice of the written contract between the parties. The statute also provides that the notice of contract must contain the following statement: "Said contract is to be completed on or before _____." Blount contends that all that is required is that the completion date inserted in the notice of contract be a reasonable estimate by the contractor as to when the contract will indeed be completed, based on all the facts and circumstances known to him at the time. Lafayette argues, however, that the statute requires that the

---

liability or fault of Lafayette concerning the lien. Both of these provisions, according to Blount, are illegal, as they directly contravene G. L. c. 254, § 32. We need not reach that issue. The judge did not dissolve the lien because Blount had violated the allegedly illegal provisions in the contract.

[7] Under the provisions of G. L. c. 254, § 8, liens under G. L. c. 254, § 2, are dissolved unless the contractor, within thirty days after the date on which the principal contract is to be performed, files in the registry of deeds a statement of the amount due him.

statement in the notice of contract must set out the same completion date as that contained in the written contract unless the date for completion has been extended by the parties.

The court in *Pratt & Forrest Co.* v. *Strand Realty Co.*, 233 Mass. 314, 317 (1919), on similar facts, held that the completion date in the written contract must be the date placed in the statement in the statutory notice of contract. The court noted that a review of the relevant statutory provisions demonstrated that "substantial accuracy in the statement [in the notice of contract] of the date fixed by the principal contract for the completion of the work to be performed under it is essential to a valid notice." *Id.* The court reasoned that its holding "results inevitably from the absolute requirement [in the statute] for the statement of such date in the notice, from the fact that that date is the point of time from which run the several statutory limitations of the act, and from the provision that certain inaccuracies, among which a mistake in this date is not included, shall not affect the validity of the lien." *Id.*

All of the statutory provisions which led the court to its conclusion in *Strand Realty Co.* are still present in the mechanic's lien statute. General Laws c. 254, § 2, contains the absolute requirement that the date of completion be stated in the notice of contract. The statute also provides that the lien created by the filing of a notice of contract is limited to "labor or material furnished prior to the date of completion of said contract as stated in said notice." G. L. c. 254, § 3, as appearing in St. 1972, c. 774, § 7. Allowing a party to select an arbitrary date to be used in the notice of contract that is later than the completion date stated in the written contract would make it possible for a contractor improperly to expand the scope of the lien beyond that provided in the statute.

The court in *Strand Realty Co., supra* at 316-317, also recognized the importance of the contract completion date in relation to the statutory time limitations contained in G. L. c. 254. Those limitations are still dependent on the completion date. The mechanic's lien statute establishes specific steps necessary to enforce a lien and provides an explicit time table for carrying them out. The notice of contract, setting forth the

contract completion date, must be filed first. It must be filed before the completion date stated in the notice of contract. *Rheem Mfg. Co.* v. *Monsanto Co.*, 6 Mass. App. Ct. 461, 464 (1978). A sworn statement of account must be filed "within thirty days after the date on which the principal contract is to be performed." G. L. c. 254, § 8. The lien is dissolved unless a timely statement of account is filed. *Id.* The action to enforce the lien must be commenced within sixty days after the filing of the statement required by § 8, thus indirectly referring back to the date for completion of the principal contract. G. L. c. 254, § 11. Lack of timely compliance with this requirement also results in dissolution of the lien. *Id.*

In addition, the statute still provides a specific procedure for recording extensions of the completion date set out in the written contract. See note 3, *supra.* Such a provision would be meaningless if the date placed in the notice of contract were to take precedence over the date actually stated in the written contract. Finally, the statutory provision regarding the effect of inaccuracies is also the same as it was when the *Strand Realty Co.* decision was made. General Laws c. 254, § 11, provides that the validity of a lien is not affected by inaccuracies in the description of the property or in the statement of the amount due. There is no provision excusing inaccuracies in the completion date. "[A] statutory expression of one thing is an implied exclusion of other things omitted from the statute." *Brady* v. *Brady*, 380 Mass. 480, 484 (1980), quoting from *Harborview Residents' Comm.* v. *Quincy Housing Authy.*, 368 Mass. 425, 432 (1975).

Therefore, it is clear that the mechanic's lien statute requires that the date of completion placed in the notice of contract must be the completion date stated in the written contract unless that date has been formally extended by the parties. Here, the completion date in the notice of contract did not correspond with the completion date set forth in the written contract; no formal extension was agreed to by the parties. Therefore, no lien attached and the judge did not err when he allowed the motion to dissolve the lien. See *Adams & Powers Co.* v. *Seder*, 257 Mass. 453, 455 (1926); *Katauskas* v. *Lonstein*, 266 Mass.

29, 32 (1929); *Baltimore Contractors, Inc.* v. *Dupree*, 352 Mass. 83, 85-86 (1967).

We realize that the mechanic's lien statute, as thus construed, does not adapt itself flexibly to a situation in which the parties effect change orders that may impliedly extend the time for contract completion but fail formally to extend the completion date. "We can, however, only interpret and apply the statute as we find it. We cannot recast it." *Pratt & Forrest Co.* v. *Strand Realty Co.*, 233 Mass. at 321.

Because of our decision, it is not necessary for us to decide the question whether Blount complied with G. L. c. 254, § 5.

2. *Other claims of Blount.* Blount also argues that there is a disputed issue of material fact as to whether Lafayette impliedly agreed to an extension or extensions of the completion date. Such a fact is not material here, because, as we have held above, Blount did not meet the requirement of G. L. c. 254, § 2, that the notice of lien state the completion date of the contract; it also did not comply with the requirement of § 2 that a notice of any extension of the contract be recorded prior to that completion date (see note 3, *supra*). Because the original notice of lien was defective, we also need not reach Blount's argument that Lafayette was "estopped to deny an extension of time" (*Pratt & Forrest Co.* v. *Strand Realty Co., supra* at 320) for completion.

*Judgment affirmed.*