# BLOUNT BROTHERS CORPORATION *vs.* LAFAYETTE PLACE ASSOCIATES & others.[1]

Suffolk.    February 3, 1987. — April 14, 1987.

Present: LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Mechanic's Lien. Statute,* Construction.

A contractor's filing of a notice of contract in the appropriate registry of deeds reciting March 22, 1985, as the completion date of a certain project, rather than May 15, 1984, the date of completion actually specified in its written contract with the project's developer, was ineffective to establish a mechanic's lien under G. L. c. 254, § 2. [634-637]

Where a notice of contract recorded by a general contractor seeking to enforce a mechanic's lien on a construction project was ineffective under G. L. c. 254, § 2, to establish the lien, by reason of the failure of the notice to set forth the completion date recited in the contract, the contractor's alternative contentions to the effect that the owner of the project had granted an extension of the time for completion, or that the owner was estopped to deny the granting of such an extension, presented no issue of material fact precluding summary judgment in favor of the owner. [637]

There was no merit to the contention of a construction contractor that, if this court did not give effect to a notice of contract purportedly filed in compliance with the mechanic's lien statute several months after the completion date recited in the contract, the result would be to grant judicial enforcement to an illegal "no lien" provision in the contract, which, the contractor claimed, it had had no practical choice but to observe in order to receive payment while work was in progress. [637-639]

CIVIL ACTION commenced in the Superior Court Department on May 17, 1985.

The case was heard by *George C. Keady, Jr.,* J., on motion for summary judgment.

---

[1] Mondev Mass., Inc., and Sefrius Corporation, the general partners of Lafayette Place Associates.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*William G. Meserve* (*John T. Montgomery & Douglas H. Meal* with him) for the plaintiff.

*Laurie S. Gill* (*Peter S. Terris* with her) for the defendants.

NOLAN, J. The plaintiff, Blount Brothers Corporation (Blount), appeals from the entry of summary judgment for the defendant, Lafayette Place Associates (Lafayette). The Appeals Court affirmed. *Blount Bros.* v. *Mondev Mass., Inc.,* 22 Mass. App. Ct. 96 (1986). We granted Blount's application for further appellate review. We affirm.

The dispute arises out of the construction of the Lafayette Place project in downtown Boston. Blount was the general contractor that constructed the Lafayette Place project and Lafayette developed and presently owns part of the complex. See *Blount Bros.* v. *Mondev Mass., Inc.,* 22 Mass. App. Ct. at 97. The sole issue in this appeal concerns the validity of a mechanic's lien Blount attempted to establish pursuant to G. L. c. 254 (1984 ed.).

The essential facts are not in dispute. On June 10, 1983, Blount and Lafayette entered into a written contract under which Blount was to act as the general contractor for the construction of Lafayette Place. The contract provided that the retail portion of the project was to be substantially completed by October 15, 1983, and that the construction of the hotel portion was to be substantially completed by May 15, 1984. Blount did not complete either portion of the project by May 15, nor did it file a notice of contract prior to that date. On March 12, 1985, Blount filed a notice of contract in the Suffolk County registry of deeds pursuant to G. L. c. 254, § 2.[2] The

---

[2] General Laws c. 254, § 2 (1984 ed.), provides in pertinent part:

"A person entering into a written contract with the owner of land for the whole or any part of the erection, alteration, repair or removal of a building or structure upon land, or for furnishing material therefor, shall have a lien upon said building or structure and upon the interest of the owner in said lot of land as appears of record at the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor and material which shall be furnished by virtue of said contract. Said notice may be filed or recorded

notice of contract stated March 22, 1985, as the completion date, not May 15, 1984.[3] Blount argues that the date set forth in the notice of contract should be a date which is a reasonable estimate of when the work will actually be finished. Lafayette counters that the completion date in the notice of contract must be the completion date specified in the written contract between the parties.

Prior to 1972, the mechanic's lien statute only secured payment for work which was performed after a notice of contract was filed. *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co., ante* 541, 546 (1987). See St. 1972, c. 774, § 6. Thus, before 1972, we had no reason to consider whether the statute imposed a deadline for filing. In 1972, however, the Legislature amended the mechanic's lien statute, extending the lien to secure payment for work and materials supplied before as well as after the filing of a notice of contract. In *Hammill-McCormick Assocs., ante,* we considered for the first time whether the amended section of the mechanic's lien statute applicable to subcontractors, G. L. c. 254, § 4, imposes a deadline for the filing of a notice of contract. We concluded that a notice of contract which stated the completion date set forth in the contract itself as the date of completion was sufficient to establish a lien. *Ante* at 545. We did not,

---

by any person entitled under this section to enforce a lien, and shall be in substantially the following form:

"Notice is hereby given that by virtue of a written contract, dated _____, between _____, owner, and _____, contractor, said contractor is to furnish or has furnished labor and material for the erection, alteration, repair or removal of a building on a lot of land described as follows:

"Said contract is to be completed on or before _____.

"A notice of any extension of such contract, stating the date to which it is extended, shall also be filed or recorded in the said registry prior to the date stated in the notice of the contract for the completion thereof, and may be filed by any party entitled to file the original notice."

[3] On April 19, 1985, Blount filed a statement of account, pursuant to G. L. c. 254, § 8, in which it claimed a total lien in the amount of $15,329,379. Under § 8, liens under § 2 are dissolved unless the contractor, within thirty days after the date on which the principal contract is to be performed, files a statement of the amount due in the registry of deeds. *Blount Bros.,* 22 Mass. App. Ct. at 99 n.7.

however, reach the question now before us: whether the completion date in the notice of contract *must* be the contract date, not the estimated actual completion date, in order to establish a valid lien.

Section 2, which is the provision of the mechanic's lien statute applicable to general contractors, does not clearly require the notice of contract to be filed before a certain date. The statute provides that a person who improves another's real estate pursuant to a written contract "shall have a lien . . . when notice of said contract is filed or recorded in the registry of deeds." G. L. c. 254, § 2. See note 2, *supra*. The statute provides a form for the notice, and included in the form is the statement, "Said contract is to be completed on or before _____." G. L. c. 254, § 2. This language simply provides that a lien is established when a notice of contract which recites a completion date is filed. The statutory provisions do not clearly specify what date is to be included as the completion date.

The following paragraph of § 2, however, suggests that the completion date must be the date set forth in the written contract. It requires a notice of any extension of the written contract to be filed "prior to the date stated in the notice of contract." We agree with the Appeals Court that the extension provision of § 2 would be meaningless if the contract date differed from the date stated in the notice of contract. *Blount Bros.*, 22 Mass. App. Ct. at 101. In such a scenario, a contractor would be able to establish a lien for work performed after the agreed upon contract completion date without ever having to negotiate successfully a contract extension. Mortgagees and other third parties who relied on the contract completion date recorded in the registry of deeds could be significantly prejudiced by the assertion of a lien after the contract completion date. See *Gettens Elec. Supply Co.* v. *W.R.C. Properties, Inc.*, 21 Mass. App. Ct. 658, 661 n.2 (1986).[4]

---

[4] This is particularly true of construction lenders who have advanced payments relying on the public record at the registry of deeds. Those lenders would find their funds at risk due to the refusal of permanent lenders to participate in projects with unresolved mechanic's liens filed after the contract completion date.

Our examination of the statute's legislative history also indicates that the completion date set forth in the notice of contract must be the date recited in the written contract. In 1914, the Legislature appointed a special commission to consider and recommend changes in the laws relative to mechanic's liens. Res. 1914, c. 121. In its report, the commission noted that one of the problems with the lien statute was that "it is . . . entirely uncertain when [the contract] may end" and "it is impossible for a purchaser or mortgagee to tell . . . that a lien may not exist." Extract from the Report of the Special Commission Appointed to Consider and Recommend Changes in the Laws Relative to Liens, Mortgages, and Tax Titles 1 Mass. L.Q. 344, 349 (1916) (excerpt of 1915 House Doc. No. 1600). To solve this problem, the special commission recommended that the Legislature require the filing of a notice of contract. *Id.* at 350. The Legislature adopted this recommendation as a substitution for the earlier requirement of recording the contract itself. *Id.* This parallel between the notice of contract and the actual contract is a strong indication that the Legislature intended the completion date set forth in the notice of contract to be the completion date set forth in the written contract. In addition, we note that the current practice in Massachusetts is to recite the contract date as the completion date in the notice of contract. J.J. Myers & C.L. Noble, Massachusetts Construction Law 235 (1986).

Prior decisions of this court interpreting the mechanic's lien statute also indicate that the completion date in the notice of contract must be the completion date set forth in the written contract. In *Pratt & Forrest Co.* v. *Strand Realty Co.,* 233 Mass. 314, 317 (1919), the court said "that substantial accuracy in the statement [in the notice of contract] of the date fixed by the principal contract for the completion of the work to be performed under it is essential to a valid notice." Our holding in *Pratt* resulted "inevitably from the absolute requirement [in the statute] for the statement of such date in the notice, from the fact that that date is the point of time from which run the several statutory limitations of the act, and from the provision that certain inaccuracies, among which a mistake in this date

is not included, shall not affect the validity of the lien." *Id.* As the Appeals Court correctly observed, the court's analysis in *Pratt* is still applicable because all the provisions which led the court to its conclusion in *Pratt* are still present in the mechanic's lien statute. *Blount Bros.,* 22 Mass. App. Ct. at 100. Even though the statute has been amended since *Pratt* to allow a lien for work done prior to the filing of a notice of contract, we think such an amendment does not sufficiently alter the legislative scheme to change our analysis in *Pratt.* Consequently, we conclude that Blount's notice of contract did not establish a valid lien because the notice of contract did not state the contract completion date. See *Pratt, supra* at 317; *Baltimore Contractors, Inc.* v. *Dupree,* 352 Mass. 83, 85-86 (1967); *Adams & Powers Co.* v. *Seder,* 257 Mass. 453, 454-455 (1926); *Wood* v. *Burwick,* 240 Mass. 4, 5 (1921).[5]

Blount further argues that the judge erred in granting summary judgment because there was a genuine issue of material fact whether Lafayette impliedly agreed to an extension of the contract completion date. The issue whether the contract completion date was extended is not material to the resolution of this case. Even if Lafayette were found to have agreed to an extension of the contract date, Blount would still have had to file a notice of contract prior to the expiration of the original completion date of the contract. Blount would also have had to file a notice of extension. G. L. c. 254, § 2. However, since Blount's notice of contract was deficient because it did not contain the contract date, any dispute over whether there was an extension agreed upon was not material. For similar reasons, we need not reach Blount's argument that Lafayette was estopped to deny an extension of time. See *Blount Bros.,* 22 Mass. App. Ct. at 102.

Blount's final argument is that by interpreting § 2 to require the notice of contract to contain the contractually specified completion date, the court grants constructive enforcement to

---

[5] Because we find that Blount's lien is invalid for failure to comply with G. L. c. 254, § 2, we need not decide whether Blount properly complied with G. L. c. 254, § 5.

an illegal provision in the contract between Blount and Lafayette. General Laws c. 254, § 32, makes void and unenforceable a promise purporting to bar the filing of a notice of contract or the taking of any steps to enforce a lien. *Superior Glass Co.* v. *First Bristol County Nat'l Bank,* 8 Mass. App. Ct. 356, 360 (1979), *S.C.,* 380 Mass. 829 (1980). The contract between Blount and Lafayette contained provisions which purported to bar the filing of a notice of contract and the taking of steps necessary to enforce a lien.[6] We assume, without deciding, that at least portions of the no lien provisions violate § 32. Blount contends that if it filed a notice of contract before the completion date stated in the original contract, Lafayette would have stopped all payments because Blount would have been in breach of the contract's no lien provisions.[7] Thus, Blount claims that it had no practical choice other than to continue its work on the project without filing a notice of

---

[6] Section 6.3 of the owner-contractor agreement provides in pertinent part: "The Contractor shall, with the submission of the second and each subsequent Application for Payment and as a condition precedent to each such payment, furnish to the Owner and the Architect satisfactory evidence of the proper payment by the Contractor of all indebtedness incurred for material, labor and equipment the cost of which was included in any Application for Payment submitted hereunder and previously paid by the Owner. Further, the Owner or any lender of the Owner shall have the right to require, as a condition precedent to the making of any payment hereunder, (1) waivers of lien executed by all Subcontractors, laborers and materialmen who have now rendered services, performed work or furnished material the cost of which is included in any Application for Payment under the Contract Documents which has been paid by the Owner . . . ."

Article 7.9.1 of the general conditions of the contract of construction provides in pertinent part: "Contractor shall not permit any laborer's, materialman's, mechanic's, or other similar lien to be filed or otherwise imposed on any part of the Work or the property on which the Work is performed. If any . . . mechanic's, or other similar lien or claim thereof is filed or otherwise imposed by the Contractor, any Subcontractor, Sub-sub-contractor or any materialman in connection with the Work and if Contractor does not cause such lien to be released and discharged forthwith, or file a bond in lieu thereof, Owner shall have the right to pay all sums necessary to obtain its release and discharge, and deduct all amounts so paid from the Contract Sum or deduct the same from the next succeeding Application for Payment . . . ."

[7] Blount has not received any payment since it filed its notice of contract on March 12, 1985.

contract. To rule now that Blount's subsequently filed lien is invalid would, according to Blount, grant judicial enforcement to the illegal no lien provisions. We do not agree.

Blount's actions, and not the court's, resulted in the enforcement of the no lien provisions. Blount was aware that Lafayette's lender would likely halt payment if Blount filed a notice of contract. Blount made the difficult, though conscious, decision to continue to work on the project and receive payment by forgoing the filing of a notice of contract. Alternatively, Blount could have filed a notice of contract and then brought an action to declare the no lien provisions invalid if Lafayette stopped payment. While this may have been difficult as a practical matter, it was the only option Blount had under the statute. Blount chose to forgo this option. No action after the fact by this court can cure Blount's initial failure to comply with the statute. The Legislature was aware that in some circumstances, it could be "more to the advantage of materialmen and contractors, as a business proposition, to waive their right to liens rather than to record such notice [of contract]." See Report of the Special Commission, 1 Mass. L.Q. 350 (1916). If the Legislature desires to provide an alternative method of establishing a lien in such situations, it may do so. The lien, however, is a creature of statute and can only be enforced by strict compliance with the statute. *Hammill-McCormick Assocs., ante* at 543-544. *Valentine Lumber & Supply Co.* v. *Thibeault,* 336 Mass. 411, 413 (1957). "We can . . . only interpret and apply the statute as we find it. We cannot recast it." *Pratt, supra* at 321.

*Judgment affirmed.*