In re Harold **BROWN** d/b/a Hamilton Realty Company, et al., Debtors.

In re **W & T ASSOCIATES LIMITED PARTNERSHIP**, Debtor.

Bankruptcy Nos. 91–12022–WCH, 91–19131–WCH.

United States Bankruptcy Court, D. Massachusetts.

Oct. 27, 1993.

See also 147 B.R. 55.

Robert Somma, Mark A. Berthiaume and David J. Reier, Goldstein & Manello, P.C., Boston, MA, for debtor.

James M. Langan, Jr., Langan, Dempsey & Brodigan, Boston, MA, for Marr Scaffolding Co.

### DECISION RE OBJECTION TO PROOF OF CLAIM NO. 708

### (MARR SCAFFOLDING COMPANY)

WILLIAM C. HILLMAN, Bankruptcy Judge.

Marr Scaffolding Company ("Marr") was granted permission to file a claim out of time in this proceeding on its contention that it had not received appropriate notice of the case. It did file its claim, which was assigned No. 708 on the claims register.

W & T Associates Limited Partnership ("Debtor") objected to Marr's claim, and Marr responded.

A preliminary hearing was held on July 27, 1993. The parties agreed that the only issues between them were issues of law involving the validity of Marr's mechanic's lien under Massachusetts law. After argument, I directed that a motion for summary judgment be filed by Debtor; that a response be filed by Marr; and stated that I would then take the matter under advisement. All of those matters have been accomplished.

As a preliminary matter, Marr contends that the relief sought by Debtor is available only in an adversary matter and not through the objection to claim process, citing Fed. R.Bankr.P. 7001(2). In taking this position Marr ignores the effect of the last sentence of Fed.R.Bankr.P. 3007: "If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."

Marr also claims that Debtor has waived its right to object to the Marr claim on grounds other than late filing, but I find that argument to be without merit.

### Findings of Fact

1. Marr provided scaffolding and other equipment to a contractor which was performing services on property owned by the debtor.

2. The contractor failed to pay Marr $9,710.53 remaining due to it.

3. On December 21, 1990, Marr took action to obtain a mechanic's lien under M.G.L. c. 254 by recording a Notice of Contract (the "notice") in the Suffolk County Registry of Deeds. The notice stated a completion date of January 31, 1991.

4. On January 31, 1991, the completion date stated in the notice, Marr filed an "Extension of Completion Date" (the "first extension"), which sought to extend the completion date to February 28, 1991.

5. Marr subsequently filed a second extension to extend the completion date to March 29, 1991.

6. A statement of account as described below was filed on April 3, 1991.

7. A superior court action for enforcement of its lien was filed on May 2, 1991.

### Discussion

FRCP 56(c), made applicable to this motion by FRBP 7056, provides that summary judgment shall be rendered in favor of a party

"forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The burden of proof is upon the moving party in the first instance. *In re Wang*

*Laboratories, Inc.*, 155 B.R. 289, 290 (Bankr. D.Mass.1993).

■ The validity of Marr's claim must be tested under the Massachusetts mechanic's lien law, M.G.L. c. 254, for Marr has no direct claim against Debtor. The Debtor will prevail over a lien which is defective because of noncompliance with state law requirements; the property of the estate will be free of the lien. *Stern v. Continental Assurance Co. (In re Ryan)*, 851 F.2d 502 (1st Cir.1988).

Chapter 254 sets out in great detail the manner in which one must proceed to obtain a mechanic's lien. The initial step for present purposes is the filing of a notice in the registry of deeds which contains, *inter alia*, a statement that "said contract is to be completed on or before" a specified date. M.G.L. c. 254, § 4 *(passim )*. For purposes of this statute, "the date of completion stated in the notice of contract filed in the registry of deeds *or in any properly filed notice of extension of such contract* shall be the date on which the contract is to be performed." *Id.* (emphasis added).

The performance date is important because of the next step in the mechanic's lien procedure, the filing of an account in the registry, must be completed "within thirty days after the date on which the principal contract is to be performed". M.G.L. c. 254 § 8 *(passim )*. The account was filed on April 3, 1991, which is more than thirty days after the completion date specified in the original notice, but within the appropriate period after the second extended completion date. The question resolves itself into a determination of whether the first and second notices of extension were "properly filed" as required by M.G.L. c. 254 § 4.

That section provides in part that "A notice of any extension of such contract, stating the date to which it is extended, shall also be filed in said registry *prior to the date stated in the notice of the contract* for the completion thereof."

M.G.L. c. 254 § 4 *(passim )* (emphasis added).

■ Since the first extension notice was filed on, not before, the date stated for completion in the original notice, the ultimate legal issue is whether a filing *on* the completion date satisfies the test of being filed *prior to* the completion date.

The simple answer, that "prior" means "before", is not supported by any case authority but, as I have mentioned in another context, "the clearer a thing is, the more difficult it is to find any express authority or any dictum exactly to the point." *In re A. Cardi Construction Co.*, 154 B.R. 403, 406 (Bankr.D.R.I.1993), (quoting *Panama & So. Pac. Tel. Co. v. India Rubber, etc., Co.*, 10 Ch.App. 515, 526 (1875)).

Marr did, however, provide the court with one statement from the Supreme Judicial Court which must be mentioned. In *Blount Brothers Corp. v. Lafayette Place Assocs.*, 399 Mass. 632, 506 N.E.2d 499 (1987), the following paragraph appears:

"The issue whether the contract completion date was extended is not material to the resolution of this case. Even if Lafayette were found to have agreed to an extension of the contract date, Blount would still have had to file a notice of contract *prior to the expiration of the original completion date of the contract.* Blount would also have had to file a notice of extension ... However, since Blount's notice of contract was deficient ... any dispute over whether there was an extension agreed upon was not material."

399 Mass. at 637, 506 N.E.2d at 502 (emphasis added).

Marr relies upon the emphasized language to support its assertion that an extension filed on the expiration date is timely, but that is not the purport of the dictum. It relates to the time at which the original notice of contract is to be filed, not the extension.

The case cited by Debtor, *Mullen Lumber Co., Inc. v. Lore*, 404 Mass. 750, 537 N.E.2d 123 (1989) is inapposite.

■ I find no reason not to accept the plain language meaning of "prior to" and hold that the first extension notice was not timely filed. It is not necessary to look to the second. As a result, Marr's claim against

Debtor must fail, and the Debtor's motion for summary judgment must be granted.

An appropriate order will enter.