NELLIE J. VARNUM, administratrix, vs. ALEX KOGIOS
& others.

Middlesex.　March 10, 1919. — June 24, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Mechanic's Lien. Contract*, Building contract.

An instrument in writing signed by a building contractor and the owner of certain real estate, stating merely, "I herewith agree to furnish all necessary material for building on" a certain street in a city for the owner, naming him, "as follows," followed by a statement of the cost per hour of carpenters and laborers to be employed and by provisions as to prices to be paid for materials and as to payments by the owner, does not fulfil the requirement of Sts. 1915, c. 292; 1916, c. 306, as to a mechanic's lien, that, in order for a contractor to establish his lien, he must show that he made a written contract with the owner.

BILL IN EQUITY, filed in the Superior Court on July 17, 1918, under Sts. 1915, c. 292; 1916, c. 306, for the enforcement of a mechanic's lien.

The contract dated October 27, 1917, referred to in the opinion, was as follows:

"Lowell, Mass., Oct. 27, 1917.

I herewith agree to furnish all necessary material for building on Little Street, Lowell, Mass., for Mr. Alex. Kogios as follows: —

All carpenters to cost 72 cts. per hour.

All laborers to cost 55 cts. per hour.

All material furnished and all sub-contracts carried by me will be charged to owner at the rate of 10% on lowest submitted price as approved by owners and architects.

Payments to be made upon certificate of architect between the first and tenth day of each month for 80% of amount of work done.

Balance to be thirty-one days after work is finished.

Witness for both,
Harry P. Graves, Architect.

Contractor — Percy E. Varnum
Owner — Alex Kogios."

The suit was referred to a master, and afterwards was reserved by *Hitchcock,* J., upon the pleadings and the master's report for determination by this court.

*F. S. Harvey,* for the plaintiff.

*A. S. Howard,* for the defendants.

CARROLL, J. This is a bill in equity under St. 1915, c. 292, as amended by St. 1916, c. 306, to enforce a mechanic's lien on the property of the defendant Kogios. The case was referred to a master.

The plaintiff's intestate, Percy E. Varnum, on October 27, 1917, made a written contract with Kogios, a copy of which appears above. On November 1, 1917, before beginning the work upon the building, Varnum signed and recorded in the registry of deeds this notice: "Notice is hereby given that by virtue of a written contract, dated October 27, 1917, between Alex Kogios, owner, and Percy E. Varnum, contractor, said contractor is to furnish labor and material for the erection, alteration, repair, or removal of a building on a lot of land described as follows: Situated in Lowell, Middlesex County, Massachusetts, on Little Street, and more particularly described and set forth in a deed to said owner given by Robert G. Bartlett, dated September 18, 1916, and recorded in the Registry of Deeds for the Northern District of said County in Book 561, Page 311, to which deed reference is hereby made for a more particular description of the premises hereby referred to. Said contract is to be completed on or before May 1, 1918." The master found that no specific date was agreed upon for the completion of the work; and also, that from October 27, 1917, to May 1, 1918, was a reasonable time for the performance of the work mentioned in the contract. At or about the time the agreement was signed, the parties orally agreed that Varnum should supply certain lime, cement, sand, iron and steel, and all labor and material necessary to complete the carpenter work; and Kogios was to furnish all additional material and labor.

Varnum began work November 5, 1917, and continued until December 8, 1917, having to that time furnished labor and materials to the value of $2,750. On December 27, 1917, the defendant Sullivan lent Kogios $2,200, which was paid to Varnum, being the sum due him December 1, 1917. At this time Kogios

executed to Sullivan a mortgage on the premises for $6,000, to secure a loan of $2,200 and further sums to be thereafter advanced by Sullivan to Kogios. On the same date, a written agreement was made by which Varnum was to complete the work "as carpenter upon said building." He was to begin at once and "continue until finished with reasonable allowance for weather." Varnum completed the work April 22, 1918.

St. 1915, c. 292, as amended by St. 1916, c. 306, provides that when a contractor has furnished labor or material in the erection, alteration, repair, or removal of a building, in order to establish a lien for labor and material supplied he must show that he made a written contract with the owner and that notice of the contract was filed or recorded in the registry of deeds. If there is an extension of the written contract, a notice thereof stating the date to which it is extended, is required to be filed in the registry of deeds prior to the date "stated in the notice of a contract for the completion' thereof." The statute requires not only the existence of a contract, but that the contract be in writing.

The agreement of October 27, 1917, is not sufficient to fulfil the requirements of the mechanic's lien law. It is in effect a mere memorandum of a contract to be made in the future, where all the essential elements are not included and its terms are left uncertain. It does not show whether the work was to be done in the erection of a building, or in the repair or alteration of an existing structure. If, as matter of fact, it was understood a building was to be erected, it is not shown of what material it was to be constructed; if a building was to be repaired, it does not appear what repairs were to be made; and if any labor in addition to that of carpenters and laborers was to be supplied, it is not set out in the agreement. The agreement, dated October 27, 1917, is not such a written contract as is required by the mechanic's lien statute. See *Parker* v. *Anthony*, 4 Gray, 289; *Sanderson* v. *Taft*, 6 Gray, 533; *Wilder* v. *French*, 9 Gray, 393.

As the plaintiff cannot prevail for the reasons stated, it is unnecessary to consider the other objections to the maintenance of the bill which were argued by the defendant. St. 1915, c. 292, §§ 1, 2, 7, 8, 9. St. 1916, c. 306, § 2.

No notice was filed or recorded in the registry of deeds under the contract of December 27, 1917, and it is not contended that the plaintiff can recover under that agreement.

*Bill dismissed.*