PETER KATAUSKAS *vs.* JACOB LONSTEIN & another.

Worcester.　September 24, 1928. — January 23, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Mechanic's Lien.　Equity Pleading and Practice,* Decree, Consolidation of suits.

The bill in a suit in equity against the owner and a mortgagee of land contained allegations that the plaintiff had a mechanic's lien upon such land and buildings constructed thereon by him, and that the defendants had conspired fraudulently to foreclose the mortgage to prevent the plaintiff from receiving payment of his claim.　He sought to have the mortgagee enjoined from foreclosing the mortgage.　After the entry of a temporary restraining order against the mortgagee, the mortgagee deposited money with the clerk of courts "to secure the plaintiff's claim," and the restraining order was dissolved.　The mortgage thereafter was foreclosed and the land sold.　Subsequently an interlocutory decree was entered, reciting that the plaintiff waived his right to attack the mortgage or to enforce his lien upon the land itself, and was content to seek payment of his claim out of the money deposited by the mortgagee; ordering that the suit be consolidated with a petition previously filed by the plaintiff against the owner and the mortgagee to enforce his lien; and referring the consolidated suits to a master.　Upon appeal by the mortgagee, it was *held,* that
    (1) The plaintiff's "claim" was his claim of a lien upon the land; and, although the money was deposited in the suit, which was to attack the validity of the mortgage, it was the intention of the parties that the deposit was made to protect the plaintiff's lien;
    (2) There was no error in the consolidation of the suit and the petition;
    (3) The decree was proper.
A failure to set out in a contract in writing for the construction of a building the date upon which the work is to be finished prevents the contractor from securing upon the property a mechanic's lien for labor furnished and materials used in such work.　Following *Adams & Powers Co.* v. *Seder,* 257 Mass. 453.
In the notice filed in the registry of deeds by the plaintiff to enforce an alleged mechanic's lien, it was stated that a building contract on which the plaintiff relied was made with a husband, representing husband and wife, owners.　The exact nature of their title did not appear.　*Held,* that, although the lien could not have been established against the wife's interest in the property, it could have been established against the interest of the husband alone.

BILL IN EQUITY, filed in the Superior Court on December 8, 1926, and afterwards amended, described in the opinion.　Also

Two PETITIONS, filed in the Superior Court on November 29, 1926, and December 22, 1926, and afterwards amended, to enforce liens for labor furnished and materials used in the construction of certain buildings on the land of the respondents David M. and Margaret M. Burnett. Jacob Lonstein, a mortgagee of that land, was a respondent in both petitions.

Proceedings in such suit and petitions, and decrees entered by order of *Lummus,* J., are described in the opinion. Lonstein appealed.

*F. P. McKeon,* for the defendants and respondents.

*C. E. Tupper,* for the plaintiff and petitioner.

CARROLL, J. Peter Katauskas brought two petitions to enforce liens for labor furnished and materials used in the construction of certain buildings on land owned by David M. Burnett and Margaret M. Burnett. One petition was based on a contract made by David M. Burnett with the petitioner for the erection of a garage, and the other was based on a contract between the same parties for the construction of another building. The respondent Lonstein held a mortgage on these premises.

Katauskas also brought a suit in equity against Lonstein (case No. 34371) to which, by amendment, David M. Burnett was made one of the parties defendant. The bill in this suit No. 34371 alleged that the Burnetts were not indebted to Lonstein; that there has been no breach of the mortgage; that Lonstein and the Burnetts fraudulently conspired to have said mortgage foreclosed in order to prevent the plaintiff and other lienors from receiving payment for their claims. One of the prayers was that Lonstein be enjoined from foreclosing the mortgage. In the Superior Court a temporary restraining order was issued against Lonstein. He afterwards moved to dissolve the injunction on the ground that he was willing "to deposit cash" in a sufficient sum "to secure the plaintiff's claim." Thereupon $2,000 was deposited with the clerk, and an interlocutory decree was entered dissolving the injunction.

On November 16, 1927, an interlocutory decree was entered in which it was stated: the "following facts appearing," that the plaintiff in the case numbered 34371 no longer seeks

to attack the validity of the mortgage held by Lonstein or the validity of the foreclosure thereof, and no longer seeks to enforce upon the land itself the liens claimed in cases numbered 34209 and 34414 but has waived in open court any right to attack the said mortgage or the foreclosure sale or to enforce the liens specifically upon the land and is content to seek payment of any claim or lien which he may establish out of said deposit, "in accordance with the terms thereof, as hereinbefore stated," it is ordered that the cases be consolidated and they were thereby referred to a master. Lonstein appealed from this interlocutory decree. He contends that the money deposited was to secure the plaintiff's rights solely in the equity suit No. 34371 attacking the validity of the mortgage to Lonstein, and was not deposited to protect the plaintiff's rights under the lien petitions.

The plaintiff brought the bill in equity to test the legality of the mortgage in order to establish the priority of his liens over the mortgage. His purpose was to show that the mortgage should be set aside and not obstruct the maintenance of his liens. His "claim," as that word was used in Lonstein's motion to dissolve the injunction, was the plaintiff's "claim" that he had liens upon the premises. Following this motion, a decree was entered dissolving the injunction, and on February 28, 1927, the premises in question were sold at public auction to Lonstein for $7,500. When the decree of November 16, 1927, was made, the land had been sold under the mortgage foreclosure and the plaintiff could not then enforce his liens upon the land. His only resource was the fund deposited by Lonstein. In our opinion the intention of the parties was that this fund was deposited to protect the liens, and the decree was warranted. Moreover, the decree was based on "the following facts appearing." The evidence is not reported, and the facts recited in the record are sufficient to support the decree.

Lonstein appealed from the final decree. One of the questions argued is the legality of the liens. Under the contract of July 24, 1926, the plaintiff contracted with David M. Burnett to build a garage; there was due the plaintiff under this contract the sum of $730, and in the final decree estab-

lishing the lien for the sum of $1,480, this sum of $730 was allowed.    In the contract to construct the garage the plaintiff agreed to furnish labor and materials and was to be paid this amount of $730.    The difficulty with the maintenance of this lien on the garage is that the written contract does not state when the work is to be completed.    It was decided in *Adams & Powers Co.* v. *Seder,* 257 Mass. 453, that in order to secure a lien under the statute, the written contract must set out the date when the work is to be finished, and the failure to do this prevents the lien from attaching.    For this reason the part of the decree awarding the plaintiff compensation for his labor and materials in the construction of the garage was wrong.

The contract of July 3, 1926, under which there was due the plaintiff the sum of $750, was made between David M. Burnett and the plaintiff.    In the notice filed in the registry of deeds as required by the mechanic's lien statute it is stated "that by virtue of a written contract dated 3 July 1926. between David M. Burnett representing David M. Burnett and Margaret M. Burnett, husband and wife, owners, . . . ." It was in evidence that the land was owned by David M. and Margaret M. Burnett.    The exact nature of their title does not appear.    It is contended by Lonstein that this statement in the notice prevents the plaintiff from maintaining the lien.  Under this contract the plaintiff had no lien he could establish against the interest of Mrs. Burnett in the property.    His only right was against David M. Burnett, the party with whom he contracted and upon whose interest in the land he seeks to maintain the lien.    In our opinion this statement in the notice did not prevent the plaintiff from proceeding against Burnett alone and securing his lien on the interest of David M. Burnett in the property, and, as the money was deposited to secure the "claim" of the plaintiff his lien under the contract of July 3, 1926, can be established.

There was no error in consolidating the petitions and the suit.    The question of the consolidating of cases was discussed with a full citation of authorities in *Lumiansky* v. *Tessier,* 213 Mass. 182, 187–190.    The decree consolidating

the three cases was within the rule laid down in *Lumiansky* v. *Tessier, supra.*

We have examined all the contentions of Lonstein and find no error in the conduct of the cases, except the error in allowing the lien under the contract for the erection of the garage. It follows that the decree must be modified so that the plaintiff's lien is established for the sum of $750, together with interest thereon at the rate of six per cent per annum from December 22, 1926, to the day when the said sum and interest shall be paid; as so modified the decree is affirmed.

*So ordered.*