BALTIMORE CONTRACTORS, INC. *vs.* THOMAS H. DUPREE, individually and as trustee, & others.[1]

Middlesex.   November 10, 1966. — February 16, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Mechanic's Lien.*

A notice of a written contract with an owner of land for the erection of a building thereon reciting "contract to be completed before . . . [a specified date then past] but contract not yet completed due to Owner changes," filed in the registry of deeds by the contractor, did not set out the date on or before which the contract was to be completed as required by G. L. c. 254 § 2, and no statutory lien was established.

---

[1] Frederick F. Dupree and Thomas H. Dupree (the Duprees) are sued both individually and as trustees of the Ten Ten Memorial Drive Trust; Ten Ten Memorial Drive Trust (Ten Ten); New England Mutual Life Insurance Company (N. E. Mutual).

BILL IN EQUITY filed in the Superior Court on October 29, 1965.

The suit was heard by *Fairhurst, J.*, on demurrers.

*Richard W. Renehan* for the defendants.

*Joseph H. Elcock, Jr.*, for the plaintiff.

KIRK, J. The judge, having overruled the defendants' demurrers to the plaintiff's (Baltimore) bill in equity to enforce a lien under G. L. c. 254, § 5, stayed all proceedings and reported for our determination the question of the propriety of his disposition of the demurrers.

In summary Baltimore's bill alleges that on or about June 28, 1963, it entered into a written contract with the Duprees as individuals for the erection of an apartment building on land owned by the Duprees at 1010 Memorial Drive, Cambridge. The contract provided that work was to be "substantially completed within 460 calendar days after receipt of notice to proceed." It authorized the owners and the architect to order extra work or to make changes in the work to be done. The contract provided that claims for extension of time were to be adjusted at the time of ordering the changes. Baltimore was entitled to time extensions for any delays caused by the owners, the architect or unavoidable causes. The architect was to decide what were reasonable times of extension for completion. His decisions were subject to binding arbitration.

Further allegations are that during the construction, the owners and architect made a total of 127 changes in the contract. The changes resulted in substantial additional costs to Baltimore and required substantial additional time to complete the contract. The owners and architect unreasonably delayed in furnishing details, directions and drawings, and in making decisions on claims relating to the execution of the work and the interpretation of documents. Many of the ordered changes were on a "time and material" basis, making it impossible to determine the completion date until the work was completed. As to other changes, the architect, notwithstanding Baltimore's request, "arbitrarily and capriciously" refused to grant any time extensions.

On April 8, 1965, while the work was still in progress, Baltimore filed a notice of contract. This was the only notice of contract filed by Baltimore. The final recital in the notice read: "Said contract to be completed before end of 460 calendar days after receipt of notice to proceed given on June 28, 1963, but contract not yet completed due to Owner changes." On the date of filing, the Duprees were owners of record of 1010 Memorial Drive, subject to two mortgages held by The First National Bank of Boston. On July 30, 1965, the Duprees, subject to encumbrances of record, transferred ownership of the property to themselves as trustees of Ten Ten.

Baltimore also alleges that it completed its contract, together with all changes, on August 31, 1965, when it was owed the sum of $1,140,399.25 for labor and material furnished under the contract. On September 1, 1965, Baltimore filed a statement of claim for that amount as required by G. L. c. 254, § 8, and The First National Bank of Boston assigned its first mortgage to N. E. Mutual. The second mortgage held by The First National Bank of Boston was subsequently discharged.

The defendants' principal grounds of demurrer are (1) Baltimore has failed to establish its right to a statutory lien, and (2) the bill does not set forth facts sufficient to warrant relief. The validity of the demurrers may be disposed of on the first ground.

The requisites for the establishment of a statutory lien have been fully stated and need not be repeated. The terms of the statute are clear, are not open to misapprehension and their purpose is plain. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314, 317–318. Strict compliance with the statutory terms is necessary. *Street Lumber Co.* v. *Sullivan,* 201 Mass. 484. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314, 318. *Adams & Powers Co.* v. *Seder,* 257 Mass. 453. *Valentine Lumber & Supply Co.* v. *Thibeault,* 336 Mass. 411, 413. General Laws c. 254, § 2, prescribes the form of notice. One essential requirement is that the notice set out

that the "Said contract is to be completed on or before
                    ." Under G. L. c. 254, § 2, responsibility for
compliance with its terms devolves upon any person who,
being entitled to file the notice, files it.

The single question presented is whether the notice filed
on April 8, 1965, complied with the requirements of G. L.
c. 254, § 2. By reason of the indefinite words, "but con-
tract not yet completed due to Owner changes," the notice
affords no method by which the date of completion of the
contract may be ascertained. The notice as filed, therefore,
did not comply with G. L. c. 254, § 2. It follows that the
demurrers should have been sustained on the first ground.

The interlocutory decrees overruling the demurrers must
be reversed, and decrees are to be entered sustaining them.
A decree dismissing the bill as against N. E. Mutual is to
be entered. In the Superior Court leave to amend the bill
within ninety days after rescript may be granted to Balti-
more so that it may by appropriate remedy establish its
right to compensation against the remaining defendants.

*So ordered.*