EAST COAST STEEL ERECTORS, INC. *vs.* PHILLIP K. CIOLFI, trustee.[1]

Essex. March 9, 1994. - April 27, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Mechanic's Lien. Statute,* Construction.

Section 4 of G. L. c. 254 expressly permits a subcontractor, where the subcontract does not contain a completion date, to set forth an estimated completion date in its notice of contract filed with the registry of deeds, subject only to the owner's objection; likewise, the subcontractor may estimate the completion date in a notice of extension. [607-608]

A subcontract requiring the work done thereunder to be completed within fifteen working days of a certain date, a working day being identified as any day, Monday through Friday, excluding days when the contractor would be unable to be on the property because of weather, lack of materials, or other such reasons, did not contain a completion date within the meaning of G. L. c. 254, § 4, relative to establishing a subcontractor's lien. [608]

A subcontractor that filed a timely notice of contract pursuant to G. L. c. 254, § 4, with an estimated completion date to which the owner did not object and that filed timely notices of extension with estimated completion dates to which the owner did not object established a valid lien that was validly perfected thereafter by timely filings of a statement of account under § 8 and a claim under §§ 5 and 11. [608-609]

CIVIL ACTION commenced in the Superior Court Department on October 24, 1990.

The case was heard by *Elizabeth B. Donovan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*E. Melvin Nash* for the plaintiff.

*T. Christopher Donnelly* for the defendant.

[1]Of Danvers Executive Park Trust.

*Peter J. Gagne & Joseph M. Corwin,* for Associated Subcontractors of Massachusetts, amicus curiae, submitted a brief.

NOLAN, J. The plaintiff, East Coast Steel Erectors, Inc. (East Coast), appeals from a Superior Court judge's dismissal of its claim against Phillip K. Ciolfi, trustee of Danvers Executive Park Trust (trust), seeking to enforce a mechanic's lien it recorded under G. L. c. 254, § 4 (1992 ed.). The judge held that East Coast failed to perfect its mechanic's lien in accordance with c. 254, the mechanic's lien statute. We granted East Coast's request for direct appellate review. We reverse.

This dispute arises out of a project for the construction of a building on land owned by the trust in Danvers. Whitney Development Corporation (Whitney) served as the general contractor and East Coast served as a subcontractor on the structural steel work. On October 24, 1990, East Coast brought suit in Superior Court against Whitney and the trust, claiming that it had not been paid for its services rendered on the project. It sought relief from Whitney under theories of contract and quasi contract. Against the trust, it sought to enforce a mechanic's lien pursuant to G. L. 254, §§ 4, 5, 8, 11 (1992 ed.). The claims against Whitney were subsequently settled. The case proceeded to trial solely on the mechanic's lien count.

The pertinent facts follow.[2] East Coast and Whitney negotiated a written contract, in which East Coast agreed to perform the structural steel work for Whitney's project. The contract required that the steel erection be substantially completed within fifteen working days of February 12, 1990. A working day was identified as any day, Monday through Friday, excluding days when the contractor would be unable

---

[2]The action was tried upon the facts without a jury. Pursuant to Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974), the judge made express findings of fact. In addition to the express findings of the judge, the facts related above include dates when various documents were filed and dates specified therein. These dates were uncontested at trial and are clearly established on the record. *Bruno* v. *Bruno,* 384 Mass. 31, 35 (1981).

to be on the property because of weather, lack of materials, or other such matters. The contract also provided that no extra work or changes under the contract would be recognized unless agreed to in writing.

Prior to erecting the steel structure, as provided in the contract, East Coast was required to supply anchor bolts and base plates which were to be imbedded in concrete. On February 12, 1990, East Coast sent a truck load of steel, anchor bolts, and plates to the job site. After East Coast unloaded the anchor bolts and plates, Whitney directed East Coast to remove the steel from the premises, stating that it had not obtained the necessary building permits. On February 15, 1990, East Coast had recorded a notice of contract pursuant to G. L. c. 254, § 4, in the Essex South registry of deeds. This notice of contract specified February 26, 1990, as the contract's completion date. East Coast then filed its first notice of extension specifying the extended completion date as March 30, 1990. On February 21, 1990, Whitney sent a letter to East Coast requesting that it stop all work on the project until the necessary permits were obtained. Unable to proceed, East Coast subsequently filed four additional notices of extension. Each of these notices of extension was filed before the completion date specified in the previous notice. East Coast's last notice of extension specified the completion date as August 31, 1990. Whitney never agreed to any of these extensions of the completion date. The trust never objected to any completion date specified in the notice of contract and notices of extension. East Coast properly notified the trust of the recording of the notice of contract and the notices of the extensions. On August 28, 1990, East Coast recorded a statement of account. On September 5, 1990, East Coast notified the trust of the filing of the statement of account. On October 24, 1990, East Coast filed a complaint seeking to enforce its mechanic's lien and recorded a certified copy.

On these facts, the judge ruled that East Coast's lien was invalid. Relying on *Blount Bros. Corp.* v. *Lafayette Place Assocs.*, 399 Mass. 632 (1987), the judge concluded that the

five notices of extension which East Coast had filed were ineffective because Whitney had not agreed to the extensions of the completion date specified in the notices. The judge ruled that the lien dissolved under G. L. c. 254, § 8, because East Coast had failed to file its statement of account within thirty days of the completion date specified in its notice of contract. The judge stated that the date by which to file a statement of account would have been extended if East Coast had recorded valid notices of extension. Accordingly, the judge ordered the dismissal of East Coast's claim. The judge did not specifically address whether the contract contained a completion date.

East Coast claims that it fully complied with the strict requirements of G. L. c. 254, § 4, in attempting to perfect its mechanic's lien. "General Laws c. 254 provides that a debt due to a person who performs labor or supplies material for the improvement of real estate by agreement or with the express or implied consent of the owner is secured by a mechanic's lien." *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 542 (1987). The lien's primary purpose is "to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate." *Id.* at 542-543. The statute contains filing and notice requirements to protect the owner and others with an interest in the real estate. *Id.* at 543. The lien is solely a statutory creation and, as such, can only be enforced by strict compliance with the statutory specifications. Section 4 sets forth the specifications for a subcontractor's lien. It provides in pertinent part that a subcontractor who "furnishes labor or material . . . under a written contract with a contractor . . . may file in the registry of deeds . . . a notice of his contract." This notice of contract is to follow substantially a form included in § 4. In following this form, the subcontractor is required to state the date by which the contract will be completed. This section further provides that "[a] notice of any extension of such contract, stating the date to which it is extended, shall also be filed . . . prior to the date stated in the notice of

the contract for the completion thereof." Section 2, which sets forth the filing and notice requirements for perfecting a general contractor's lien, also requires the contractor to specify the contract completion date in its notice of contract and contains similar language concerning notice of any extension.

Unlike § 2, however, § 4 also provides that the time for the performance of the subcontract "shall not be extended beyond the time for the performance of the original contract and any extension thereof, if the objection thereto of the owner is filed . . . and actual notice of such objection is given . . . to the sub-contractor within five days after the owner received notice of the filing of the contract." Section 4 further provides that for purposes of the mechanic's lien statute, the dates of completion stated in a properly filed notice of contract and notices of extension shall be the date the subcontract is to be performed. In addition, § 4 specifies a procedure to be followed where the subcontract does not contain a completion date. There is no corresponding provision in § 2. The last paragraph of § 4 provides in pertinent part: "If the contract does not contain a completion date, the person filing the notice of contract . . . shall set forth a date of completion which shall be subject to objection by the owner as set forth above if the date of completion is later than the time for the performance of the original contract and any extension thereof."

As noted above, the judge relied on *Blount Bros. Corp.* v. *Lafayette Place Assocs.*, 399 Mass. 632 (1987), in holding that East Coast's lien was dissolved. The *Blount Bros.* case involved a general contractor's attempt to perfect a lien under G. L. c. 254, § 2, where the completion date specified in the notice of contract differed from the completion date agreed to in the general contract. In that case, we rejected the general contractor's argument that the completion date specified in the notice of contract should be a reasonable estimate as to when the work will be actually finished and not the date set forth in the written contract and concluded that the general contractor's notice of contract failed to establish a valid lien. The judge applied this reasoning to the facts of

this case and held that East Coast's notices of extensions were invalid because Whitney never agreed to the extensions. Before we need decide whether to extend the rule of *Blount Bros. Corp.*, *supra*, to apply to both subcontractor liens under § 4 and to notices of extension, we must first decide whether the subcontract between East Coast and Whitney contained a completion date because of the special procedure in § 4 pertaining to subcontracts containing no completion date.

In 1959, the Legislature amended § 4 by inserting a new last paragraph. St. 1959, c. 594, § 2. Although we have never interpreted this language, its clear import is that, where the subcontract does not contain a completion date, the subcontractor may specify an estimated completion date in its notice of contract, regardless of whether the general contractor agrees to that date. This contrasts with the procedure under § 2, containing no such language, which prevents a general contractor from establishing a mechanic's lien where the contract does not contain a completion date. *Katauskas* v. *Lonstein*, 266 Mass. 29, 32 (1929). The subcontractor's choice of a completion date in the notice of appeal is not limitless, however. If the date specified is beyond the date established for completion in the general contract, under § 4 it is subject to objection by the project owner within five days of the owner receiving notice. Of course, where the contract contains a completion date, the subcontractor shall set forth the agreed-upon date. *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.*, *supra* at 545.

Since § 4 expressly permits a subcontractor, where the subcontract does not contain a completion date, to set forth a completion date in its notice of contract subject only to the owner's objection, we also read § 4 as allowing a subcontractor, in this situation, to set forth such a completion date in a notice of extension. Section 4 does not contain any language that would suggest that a notice of extension be treated any differently from a notice of contract. Section 4 provides that the date specified in the notice of contract or extension is to

be regarded, for the purposes of c. 254, as the date the sub-
contract is to be performed. A notice of extension serves the
same purpose as a notice of contract. They both serve to no-
tify the owner and others interested in the land of the exis-
tence of the lien and its duration. The date specified in both
determines the time in which other actions under c. 254 must
be taken, such as when a statement of account and complaint
must be filed and recorded. There is no basis in the statutory
language to infer that, where the subcontractor can estimate
the completion date in the notice of contract, he cannot like-
wise estimate the completion date in a notice of extension.

The judge found that the subcontract between East Coast
and Whitney was to be substantially completed within fifteen
working days of February 12, 1990. However, she failed to
determine whether this constituted a completion date. We
hold that it does not. For a contract to contain a completion
date, it must afford a "method by which the date of comple-
tion of the contract may be ascertained." *Baltimore Contrac-
tors, Inc.* v. *Dupree*, 352 Mass. 83, 86 (1967). The judge
found that the parties understood a working day to be any
day, Monday through Friday, in which the contractor is not
prevented from working because of weather, lack of materi-
als, or other such reasons. Thus, the completion date was to
be measured in reference to a contingency, the nonoccur-
rence of an event or situation preventing East Coast from
performing. The date by which East Coast was to perform
the contract was indefinite. The subcontract did not contain a
completion date.

Because the contract did not contain a completion date,
East Coast was free to specify a completion date in the no-
tice of contract and each notice of extension without first ob-
taining Whitney's approval, subject to objection by the trust.
The completion date specified in each notice of extension was
a reasonable estimate as to when East Coast would be sub-
stantially completed with the structural steel erection. Fur-
thermore, the trust never objected to these filings. There is
no statutory purpose served in invalidating East Coast's lien
against the trust because of the failure of Whitney to agree

East Coast Steel Erectors, Inc. *v.* Ciolfi.

to the extensions. East Coast's notices of extension were valid. East Coast's filings of a statement of account under § 8 and a claim under §§ 5 and 11 were timely. East Coast perfected its lien in accordance with c. 254.

The judgment of the Superior Court dismissing East Coast's claim is reversed. This case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*