Hamlin, J.
Plaintiff, Fraser Engineering Company (Fraser) initiated this action to recover money due under a subcontract with Franchi Group Associates, Inc. (Franchi). The surety and co-defendant, United States Fire Insurance Co. (U.S. Fire) opposes Fraser’s motion for summary judgment to collect on the surety bond. For the following reasons, Fraser’s motion for summary judgment is ALLOWED.
BACKGROUND
On January 23, 1995, Fraser and Franchi entered into a contract relating to the erection, alteration and repair of a building (subcontract). Franchi was the general contractor for the project owner Olga Franchi, trustee of Dear Hill Nursery Center Realty Trust (Project Owner). Seeking to establish a lien on the labor and materials supplied in relation to the subcontract, Fraser filed a Notice of Contract on August 7, 1995. Fraser duly provided both Franchi and the Project Owner with the Notice of Contract and the Statement of Claim.
Fraser subsequently commenced this action to enforce its lien. In its Complaint, Fraser claimed Franchi owed $133,236.10 under the subcontract. Franchi denied liability and litigation was stayed pending arbitration. On June 3, 1997, the arbitrator determined that Franchi owed Fraser $75,459.00.[2] The award included $55,055.00 in principal for labor and materials and $20,404.00 in interest. On August 11, 1997, this Court allowed Fraser’s application to affirm the award.
Employing U.S. Fire as its surety, Franchi secured a “lien bond” and dissolved the Fraser lien pursuant to G.L.c. 254, 14. No notice was sent to Fraser as provided in §14. When Fraser became aware of the existence of the bond, Fraser moved to amend its Complaint to include U.S. Fire. This Court allowed the amendment.
Fraser now argues that U.S. Fire has “stepped into the shoes” of Franchi and must pay Fraser the full arbitrator award. U.S. Fire opposes the motion for summary judgment on the basis that disputed facts exist.
DISCUSSION
I. Standard of Review
This Court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp. 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The nonmoving party cannot defeat the motion for summary judgment by resting “on his or her pleadings and mere assertions of disputed facts . . .’’ LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of his case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kourouvacilis, 410 Mass. at 711.
II. U.S. Fire’s Grounds for Opposition
U.S. Fire first contends that the lien which Fraser seeks to enforce is invalid because Fraser did not comply with all of the requirements under G.L.c. 254, §4. Second, U.S. Fire argues that Fraser’s suit to enforce the bond is untimely. Lastly, U.S. Fire asserts that the amount it owes Fraser, if any, does not include the interest awarded by the arbitrator.
*596 A. Whether Fraser Complied with G.L.c. 254, §4
U.S. Fire argues that Fraser may have erred when applying for its mechanic’s lien. Specifically, U.S. Fire argues that Fraser used the wrong completion date on the Notice of Contract. If an error exists, it could result in a finding that Fraser’s mechanic’s lien is defective. Further, if the mechanic’s lien is defective, Fraser could not seek protection under the same to win a judgment against U.S. Fire.
To secure a lien, a subcontractor must file a Notice of Contract. G.L.c. 254, §4. If the subcontract contains a completion date for the work, then the subcontractor must include in the Notice of Contract that date. Blout Brothers Corp. v. Lafayette Place Assocs., 399 Mass. 632, 637 (1987) (holding that Notice of Contract must state contract completion date). A subcontractor’s failure to include the completion date stated in the subcontract on the Notice of Contract could result in a defective lien. East Coast Steel Erectors, Inc. v. Ciolfi, 417 Mass. 602, 605 (1994).
If the project owner objects to the date specified in the Notice of Contract or subsequent extensions, then the owner must file that objection with the registry and give the subcontractor actual notice of the objection within five days of receiving the Notice.[3] G.L.c. 254, §4; East Coast Steel Erectors, Inc. v. Ciolfi, 417 Mass. 602, 607 (1994). If the contract has no date, then the subcontractor may estimate a completion date, subject to objection by the owner. G.L.c. 254, §4; East Coast Steel Erectors, Inc., 417 Mass. at 607. The owner must object to this estimated date within five days after receiving the Notice of Contract. G.L. 254, §4.
No dispute exists as to whether Fraser duly complied with the notice requirements stated in §4 for establishing its lien. Also undisputed is the fact that neither Franchi nor the Project Owner objected to the completion date stated in the Notice. U.S. Fire contends, however, that Fraser stated in the Notice of Contract a completion date different than the completion date found in the subcontract. In support of its argument, U.S. Fire relies on Article 20 of the subcontract.[4] Article 20 of the subcontract states the completion date of the contract between Franchi and the Project Owner and not a completion date between Fraser and Franchi.
Fraser argues that the failure to object precludes U.S. Fire from now arguing the lien is defective. The case law, however, makes clear that if a date exists in the subcontract, then the subcontractor must include that particular date on the Notice of Contract. Fraser can not rely on the Project Owner’s failure to object if Fraser did not include the correct completion date when establishing its lien.
Nonetheless, the Court concludes the lien was valid. As stated, Article 20 expresses only the completion date for the original contract between Franchi and the Project Owner. The parties did not include a completion date for work done under the subcontract. Therefore, Fraser could estimate a completion date in the Notice of Contract. As Fraser’s estimated date in the Notice of Contract extended beyond the date of the original contract, the Project Owner should have duly objected within five days after receiving the Notice of Contract. The Project Owner’s failure to do so allowed for a valid lien.
B. Whether Actual Notice Suffices under G.L.c. 254, §14
U.S. Fire next argues that Fraser’s suit to enforce the bond is untimely. Specifically, U.S. Fire contends that Fraser failed to commence suit to enforce the bond within ninety days after receiving actual notice and the dissolution of the lien. According to U.S. Fire, Fraser received actual notice as early as October 23, 1995, when Franchi submitted back charges to Fraser which included costs for securing the lien bond. Although Fraser commenced suit on January 23, 1995, Fraser did not add U.S. Fire as a party until July 16, 1997.
Any person in interest may dissolve a lien with a bond from a surety company. G.L.c. 254, §14. The lien is dissolved upon the recording of the bond. Id. “Notice of the recording shall be given to the claimant by serving on the claimant a copy of the notice of recording together with a copy of the bond by an officer qualified to serve civil process or by delivering same to the claimant.” Id. The claimant then has ninety days from the date of receiving notice to commence a civil action to enforce the bond. Id.
Here, U.S. Fire does not dispute that neither Franchi nor U.S. Fire gave Fraser notice of the lien bond as required by statute. Section 254, §14 specifically provides for notice to be sent upon the recording of the bond. Included in that notice must be a copy of the notice of the recording and a copy of the bond. “The mechanic’s lien statute comprises a comprehensive scheme which compels strict compliance in order to obtain relief.” Mullen Lumber Co. v. Lore, 404 Mass. 750, 752 (1989). Nothing in the statute suggests that actual notice may serve as a substitute for the notice required by the statute. Therefore, the failure of Franchi and U.S. Fire to send to Fraser the proper notice precludes U.S. Fire from asserting the ninety day period in which to commence suit.
The cases cited by U.S. Fire are distinguishable. Chiuccariello v. Building Commissioner, 29 Mass.App.Ct. 482 (1990); Kasper v. Board of Appeals, 3 Mass.App.Ct. 251 (1975). Both cases concerned the consequences of an administrative board’s failure to notify all abutters of a hearing despite the requirements of G.L.c. 40, § 17. The Appeals Court determined that the failure to strictly comply with statutory requirements need not invalidate every decision by the board. The Appeals Court recognized that there may be instances where the public is adequately notified by both a newspaper publication and a written notice *597 to the planning board, or some abutters could not be notified because of an honest misinterpretation of the assessor’s records (from which the board must derive the addresses). Kasper, 3 Mass.App.Ct. at 256. Consistent with this reasoning, the Court determined that compliance may be satisfied if the abutter received actual notice of the hearing. Id.
Here, Franchi and U.S. Fire could readily determine the claimant of the lien. Indeed, as stated, U.S. Fire does not dispute that Franchi received notice that Fraser has established the lien. Also, compliance with the notice requirement in this case is necessary because the date of receipt allows the parties and the Court to easily discern when the ninety day period begins to run.
C. The Extent of U.S. Fire’s Liability
U.S. Fire next argues that as a surety, U.S. Fire is liable to Fraser only for the principal amount due for labor and materials and not for any interest. In support of its argument, U.S. Fire relies in part on the language of c. 254, 14. Section 14 provides that a surety’s bond must equal the amount of the lien sought to be dissolved “conditioned for the payment of any sum which the claimant may recover on his claim for labor and labor materials.” G.L.c. 254, §14. Thus, U.S. Fire reads the statute as allowing Fraser to recover from a surety only the amount awarded for labor and labor materials.
The Court does not interpret the statute so narrowly. Nothing in the statute limits the claimant’s claim to only the principal amount for labor and labor materials. A demand for interest could comprise part of “the claim” for labor and labor materials. In addition, the sum Fraser seeks to collect does not extend beyond the amount of the bond. See DiFruscio v. New Amsterdam Cos. Co., 353 Mass. 360, 364 (1967) (deeming surety liable for default of principal within sum on bond and principal liable for interest from time accounts came due).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs Motion for Summary Judgment be ALLOWED.

 Prior to the arbitration hearings, Franchi paid Fraser $55,731.00.

 The Legislature has since deleted this requirement in the statute. G.L.c. 254, §4 (1996). Nonetheless, at the time Fraser filed its Notice of Contract the language requiring the Owner to object still applied. Accordingly, the Court will apply the statutory language that existed at that time.

 Article 20 of the Subcontract Agreement provides: ‘The Sub-Contractor understands that the Contractor is obligated by this contract with the Owner to complete the work on or before 7/21/95 and that time is the essence of said contract. The Sub-Contractor agrees to carry to completion the work undertaken by the agreement as the progress of the work requires.”