Sabra, J.
This is an appeal filed pursuant to Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeals to proceed on the record on issues raised solely by the pleadings. In this case, the plaintiff-appellant, Noreastco Door & Millwork, Inc. (hereinafter “Noreastco”) appeals from the allowance of the Defendant’s Motion for Summary Judgment and the denial of the Plaintiff’s Motion for Partial Summary Judgment, both based upon a finding that there was not a written contract within the meaning of the Mechanic’s Lien statute, G.L.c. 254, Section 4. We agree with the trial judge’s determination and affirm the judgment of dismissal in favor of the defendant.
This action was instituted by Noreastco to enforce a mechanic’s lien against the defendant, Vajradhatu of Massachusetts, Inc. (hereinafter “defendant”), a nonprofit corporation that operates a Buddhist church and meditation center in Brookline, Massachusetts. The defendant contracted with J.P.C. Builders, Inc. (hereinafter “JPC”) to repair and renovate the property, which, in turn, subcontracted certain work to Noreastco. Throughout the summer and fall of 1997, JPC performed work on the property and the defendant made periodic payments to JPC based on the architect’s assessment of the work completed. At some point in December of 1997, the defendant became aware that JPC had failed to pay certain of its subcontractors for work performed despite the fact that the defendant had paid JPC a total of $165,098.10 out of the $193,893 contract price.
The defendant undertook to complete the project and to determine amounts owed to subcontractors by JPC from a list provided by JPC. The defendant contacted the subcontractors on this list and offered to divide the balance of the contract price ratably among them. Noreastco was not included in this list. Noreastco did contact the defendant and claimed certain amounts were owed for materials provided. The defendant requested of Noreastco documentation of its alleged claim. In response, Noreastco sent defendant’s architect a one page facsimile cover sheet between Noreastco and JPC characterized as an “original proposal” and a one page reply memo from JPC. The architect was unable to verify and reconcile the invoices submitted by Noreastco and recommended that the defendant not include Noreastco in the settlement offer made to the listed and recognized subcontractors.
At about this time, Noreastco recorded a Statement of Account Pursuant to G.L.C. 254, Section 8 with the Norfolk County Registry of Deeds on or about February 23, 1998, which makes reference to a written contract dated July 21, 1997. The “contract” referred to in the Statement of Account is the one page handwritten fax coversheet from Noreastco to JPC. The issue in this case revolves around whether this fax and the response it generated amounted to a “written contract” *240 within the meaning of the Mechanic’s Lien Statute.
It is well settled that the standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. BayBank v. Bornhofft, 427 Mass. 571, 573 (1998); Mass. R. Civ. R, Rule 56 (c). “ [A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass. R. Civ. R, Rule 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The crucial element of Noreastco’s claim is the existence of a written contract, for without it, the mechanic’s lien is unenforceable. Gettens Electric Supply Co. v. W.R.C. Properties, Inc., 21 Mass. App. Ct. 658, 660 (1986). As a statutory remedy, G.L.c. 254, the mechanic’s lien statute, which provides a lien to a subcontractor for labor performed or materials furnished against the property owner who may not have contracted directly with the subcontractor, must be strictly complied with to be enforceable. Baltimore Contractors, Inc. v. Dupree, 352 Mass. 83, 85 (1967); Valentine Lumber & Supply Co. v. Thibeault, 336 Mass. 411, 413 (1957). The statute was recently amended by St. 1996, c. 364, taking effect on February 7, 1997, to define “written contract” as “any written contract enforceable under the laws of the commonwealth.”
Here, the trial judge correctly found that no written contract existed. The faxes which were exchanged here provided no specific information about the types or quantity of materials to be provided. At best, they evidence some earlier oral discussions or course of dealing in which no term of any contract can be identified. No price terms are set nor is the quantity of doorframes, hardware, or accessories apparent. Noreastco attempts to rely on the architectural plans prepared by the architect to fill in the gaps in the details of what was to be purchased. But, those plans refer to a variety of items which are not referenced in the faxed memos and the memos do not incorporate the plans by reference. None of the documents offered by Noreastco to establish a “written contract” have the quantity or type of materials to be furnished even though those documents are some evidence of the possibility of a contract. However, the uncontroverted affidavit of the architect submitted by the defendant in support of its motion for summary judgment indicates that she could not verify the goods delivered or the accuracy of Noreastco’s claims based on the documents provided by Noreastco, despite her first hand knowledge of the construction. Thus, the court was correct in finding that the alleged contract did not contain essential terms sufficient to satisfy the requirements of the mechanic’s lien statute. Varnum v. Kozios, 233 Mass. 264 (1919); contrast Harris v. Moynihan Lumber, Inc., No. 9566, slip op. (Mass. App. Div. May 13, 1999) (where court found that series of detailed documents taken together constituted a contract for purposes of statute).
It follows from this court’s decision above that the denial of Noreastco’s Motion for Partial Summary Judgment on the issue of liability was appropriate. There was no enforceable written contract sufficient to support a mechanic’s lien under Massachusetts law.
Accordingly, the judgment is affirmed and the appeal dismissed.
So ordered.