Doerfer, J.
This is averified complaint under G.L.c. 254, § 15A seeking summary discharge of a mechanics lien. A hearing was held on July 26, 2000 at which the parties appeared through counsel and submitted affidavits. The following facts appear from the materials before the court:
The plaintiff (New Boston) is the owner of a parcel of land in the South End. It entered into a written contract on December 8, 1999 with Friel Urban Construction Ltd. (Friel) under which Friel was the general contractor for a project known as the Lawrence Court Condominiums on the parcel.
Friel and the defendant (Fitzgerald) entered into a subcontract on July 15, 1999 for framing and carpentry.
New Boston terminated Friel on February 22, 2,000 for failure to meet the agreed upon schedule for completion, with at least 30% of the project incomplete. New Boston recorded a notice of termination under G.L.c. 254, §2B in the Suffolk Registry of Deeds on March 9, 2,000.
Under Article 5.4.1 of the General Conditions of the contract between Friel and New Boston Friel assigned its rights under its subcontract with Fitzgerald to New Boston. Thereafter New Boston wrote to Fitzgerald on March 6, 2000 informing Fitzgerald of the assignment and stating that the subcontract and all change orders thereunder remained in full force and effect. It also stated, “in order to clarify the exact status of your subcontract accounting and payments, and to define the obligations of the parties going forward, New Boston will require the completion and execution of the attached Re-Affirmation Agreement.[1] . . .’’New Boston requested that Fitzgerald review figures submitted to it regarding the contract price, change orders, payments and requisitions and invited them to confer over any disagreements. It stated, “Any pending claims will be reviewed pursuant to the requirements of the contract documents.”
Fitzgerald did not sign the Re-Affirmation Agreement. Nevertheless Fitzgerald maintains that it has had a direct contractual relationship with New Boston from and after March 6, 2,000 by virtue of the assignment under Article 5.4.1 of the General Conditions and subsequent actions and statements of New Boston. The issue is potentially significant because of the subsequent filing and recording of Notice of Contract by Fitzgerald on June 7, 2000.
The Fitzgerald Notice of Contract is labeled:
Notice of Contract
G.L.c. 254, §2.
It then states:
“Notice is hereby given that pursuant to a written contract dated July 15, 1999 between Friel Urban Construction Ltd., contractor and Fitzgerald Contracting Company, Inc, a subcontractor, said subcontractor is to furnish or has furnished labor and material ... for the erection, alteration, repair or removal of a building, structure of improvement on a lot of land . . .” etc.
G.L.c. 254, §2 governs the form of a notice of contract for a person who enters into a written contract with an owner. G.L.c. 254, §4 governs the form of notice of contract for persons who enter into written subcontracts with a general or subcontractor and not the owner.
If Section 4 governs, the notice of contract is defective. The notice of contract does not meet the requirements of Section 4 in that it does not contain 1) the contract price; 2) agreed change orders (whether additions or subtractions); 3) pending change orders (whether additions or subtractions); 4) disputed claims; and 5) payments received, all as required by G.L.c. 254, §4.
Fitzgerald argues that it is entitled to file a notice of contract under G.L.c. 254, §2 because it now stands in a direct contractual relationship with New Boston by virtue of the assignment and subsequent conduct of New Boston.
But the Notice of Contract is deficient under G.L.c. 254, §2 as well. That section states,
“Said notice . . . shall be in substantially the following form:
Notice is hereby given that by virtue of a written contract dated_between_, owner, and_contractor, said contractor is to furnish or has furnished labor and materials ..." etc.
The notice filed by Fitzgerald does not recite that the contract in question is between New Boston as owner and itself as contractor. Rather, it refers to Friel and itself and describes the contract as a subcontract between itself and Friel.
The reference to G.L.c. 254, §2 is inconsistent with the language in the notice, which, by its terms, claims to be a notice of subcontract. The reference to G.L.c. 254, §2 does not alter the actual terms used in the notice.
“A mechanic’s lien must be perfected and can be enforced only as provided by statute. See East Coast Steel Erectors, Inc. v. Ciolfi, 417 Mass. 602, 605, 632 N.E.2d 397 (1994) (lien is ‘solely a statutory creation’ enforceable only “by strict compliance with the statutory specifications”). See also Blount Bros. v. Lafayette Place Assocs., 399 Mass. 632, 506 N.E.2d 499 (1987) (invalidating mechanic’s lien in which completion date in filed notice of contract was different from completion date in contract); Baltimore Contrs., Inc. v. Dupree, 352 Mass. 83, 86, 223 N.E.2d 702 (1967) (notice of contract stating ‘contract not yet completed due to Owner changes’ insufficient to establish statutory lien).” National Lumber Co. v. Lefrancois Const. Corp. 430 Mass. 663, 666 (2000).
The relevant contract to be referenced in the notice of contract under §2 is the contract involving the *312 owner as a party. It may well be that, by virtue of the assignment clause under the general contract between New Boston and Friel, Fitzgerald has entered into a direct contractual relationship with New Boston. But that is not what the notice of contract states. A bare reference to §2 is not sufficient to meet the specific requirements of §2 as to the language which must be contained in the notice of contract.
There are significant differences between the way contractors and subcontractors are treated under the new mechanics lien law. See New Mechanics Lien Law, Advance Legal Studies, Suffolk Law School, p. 25-37 (October 18, 1996). The notice of contract must clearly show whether the claimant is claiming as a contractor' or subcontractor in order to preserve the distinctions now incorporated in the statute.
The purpose of G.L.c. 254, §15A is, among others, to provide a speedy determination of the effect of formal or procedural errors in a notice of contract. See New Mechanics Lien Law, Advance Legal Studies, Suffolk Law School, p. 19-20 (October 18, 1996). The facts of this case present other interesting issues as to the effect of an assignment by a general contractor of its contracts with a subcontractor which need not be resolved in this case. It should be noted that a subcontractor is not precluded from perfecting its lien after a notice of termination. Indeed the statute specifically contemplates that possibility by giving a subcontractor 90 days to do so after a notice of termination is sent by the contractor. See G.L.c. 254, §8.
Order
Judgment shall enter under G.L.c. 254, §15A discharging the notice of contract recorded by Fitzgerald Contracting Company, Inc. on June 7, 2,000 relating to the property of New Boston Housing Enterprises LLC.

 The Re-Affirmation Agreement which was submitted to Fitzgerald recited that it was between New Boston and Fitzgerald; that New Boston was the “owner"; that New Boston had entered a contract with Friel; that Fitzgerald had entered a subcontract with Friel; that the New Boston Friel contract was terminated effective March 1, 2,000; that the contract provided for the assignment of all subcontracts to New Boston upon New Boston’s termination of the Friel-New Boston contract; that “New Boston has notified Subcontractor of its intention to accept Friel’s assignment of the subcontract; NOW THEREFORE, for the mutual consideration described herein, the sufficiency of which is hereby acknowledged, New Boston and Subcontractor agree as follows:
1. New Boston accepts all of Friel’s obligations to Subcontractor under the subcontract to the extent they arise after the date of this Re-Affirmation Agreement, and agrees to be bound by the terms of the subcontract insofar as it describes Friel’s obligations to Subcontractor that arise after the date of this Re-Affirmation Agreement.
2. Subcontractor hereby re-affirms its obligations under the subcontract and agrees to be bound to New Boston to the same extent it is bound to Friel by same.
3.Subcontractor agrees the following account is a complete and accurate statement of its subcontract accounting as of March 1, 2,000 . .